## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JONATHAN MICHEL,

                Plaintiff,

v.

YALE UNIVERSITY,

                Defendant.

Case No. 3:20-cv-01080-JCH

OCTOBER 29, 2020

## DEFENDANT'S MOTION TO STAY DISCOVERY
## PENDING MOTION TO DISMISS

## **<u>TABLE OF CONTENTS</u>**

INTRODUCTION ....................................................................................................................1

LEGAL STANDARD............................................................................................................2

ARGUMENT ........................................................................................................................5

    I.       Yale's Motion to Dismiss Raises Substantial Grounds for Dismissal.........................5

    II.     The Breadth and Burden of Discovery Weigh in Favor of a Stay.. ..............................9

    III.    Plaintiff Would Not Be Prejudiced by the Brief Stay...................................................12

CONCLUSION.....................................................................................................................13

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*United States ex rel. Ameti v. Sikorsky Aircraft Corp.*,
No. 3:14-CV-1223(VLB), 2016 WL 10490528 (D. Conn. Nov. 28, 2016) .............................4

*Ashcroft v. Iqbal*,
566 U.S. 662 (2009)...........................................................................................................4

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)................................................................................................3, 4, 12

*Belloso v. Asplundh Tree Expert, Co.*,
No. 618-CV-460 (ORL), 2018 WL 4407088 (M.D. Fla. Sept. 17, 2018) .............................10

*Birdsall v. Brigham Young Univ.-Idaho, Inc.*,
No. 20-cv-00270, ECF # 30 (D. Idaho Oct. 1, 2020) ...............................................9

*Boelter v. Hearst Commc'ns., Inc.*,
15-cv-03934, 2016 WL 361554 (S.D.N.Y. Jan. 28, 2016)......................................................8

*Buschauer v. Columbia Coll. Chicago et al*,
No. 20-cv-03394, ECF #20 (N.D. Ill. Aug. 27, 2020) ...............................................9

*Chapman v. Priceline Group, Inc.*,
No. 15-cv-01519 (RNC), ECF #49 (D. Conn. Feb. 10, 2016)...................................4

*Chong v. Northeastern University*,
No. CV 20-10844 (RGS), 2020 WL 5847626 (D. Mass. Oct. 1, 2020) ...................7

*In re Columbia University Tuition Refund Action*,
No. 20-cv-03208 (JMF), ECF #41 (S.D.N.Y. July 6, 2020)......................................9

*Country Club of Fairfield, Inc. v. New Hampshire Ins. Co.*,
No. 3:13-CV-00509 (VLB), 2014 WL 3895923 (D. Conn. Aug. 8, 2014) .............................4

*Cuartero v. United States*,
No. 3:05CV1161 (RNC), 2006 WL 3190521 (D. Conn. Nov. 1, 2006)........................5, 8, 13

*Daniels v. Dataworkforce LP*,
No. 14-CV-00822 (KMT), 2014 WL 4783670 (D. Colo. Sept. 25, 2014) .............................10

*DSMDesotech Inc. v. 3D Sys. Corp.*,
No. 08-cv-1531, 2008 WL 4812440 (N.D. Ill. Oct. 28, 2008) .................................12

*In re First Constitution Shareholders Litig.*,
   145 F.R.D. 291 (D. Conn. 1991)...................................................................................10, 12

*Goldberg v. Pace Univ.*,
   No. 20-cv-03665, ECF #23 (S.D.N.Y. Sept. 8, 2020) ...............................................9

*Granite Commc'ns, Inc. v. One Commc'ns Corp.*,
   No. 3:07-CV-1354 (PCD), 2008 WL 11381494 (D. Conn. Apr. 24, 2008) ..........................10

*Gupta v. New Britain Gen. Hosp.*,
   239 Conn. 574 (1996) ...................................................................................5, 6, 8

*Hernandez v. Illinois Inst. Of Tech.*,
   20-cv-03010, ECF #25 (N.D. Ill. Aug. 20, 2020) .....................................................9

*Holcombe v. Ingredients Solutions, Inc.*,
   No. 17-cv-01090 (SRU), ECF #23 (D. Conn. Dec. 11, 2017)...................................3

*Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*,
   No. 09-cv-5874 (RPP), 2009 WL 2777076 (S.D.N.Y. Sept. 1, 2009)....................................13

*ITT Corp. v. Travelers Cas. & Surety Co.*,
   No. 3:12-cv-38 (RNC), 2012 WL 2944357 (D. Conn. July 18, 2012) ........................2, 3, 5, 9

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936)..........................................................................................3

*Main St. Legal Servs., Inc. v. Nat'l Sec. Council*,
   811 F.3d 542 (2d Cir. 2016)...............................................................................4

*MSP Recovery Claims, Series LLC v. Hartford Fin. Services Group, Inc. et al.*,
   No. 20-cv-00305 (JCH), ECF #24 (D. Conn. June 29, 2020).....................................4

*Nowacki v. Town of New Canaan*,
   No. 3:16-CV-00407 (JAM), 2017 WL 11441480 (D. Conn. Jan. 5, 2017) .........................2, 5

*Patel v. Univ. of Vermont*,
   No. 20-cv-00061, ECF #21 (D. Vt. July 28, 2020)...................................................9

*Pension Ben. Guar. Corp. v. Morgan Stanley Inv. Mgmt.*,
   712 F.3d 705 (2d Cir. 2013).................................................................................4

*Pro Music Rights, LLC v. Apple Inc.*,
   3:20-cv-00309, ECF #164 (D. Conn. Sept. 2, 2020) .............................................3, 4

*Reveal Chat Holdco, LLC v. Facebook, Inc.*,
   No. 20-CV-00363 (BLF), 2020 WL 2843369 (N.D. Cal. Apr. 10, 2020) ..............................10

*Rivera v. Heyman*,
   No. 96-cv-4489, 1997 WL 86394 (S.D.N.Y. Feb. 27, 1997) ....................................................8

*Schmaltz v. Smithkline Beecham Corp.*,
   No. 08-CV-00119-WDM (MEH), 2008 WL 3845260 (D. Colo. Aug. 15,
   2008) ...........................................................................................................................................10

*Scoma Chiropractic, P.A. v. Jackson Hewitt Inc.*,
   No. 2:17-CV-24 (FTM), 2017 WL 5256861 (M.D. Fla. Nov. 13, 2017) ...............................10

*Shoham v. Loyola Marymount University*,
   20-cv-04329 (CJC), ECF #13 (C.D. Cal. May 20, 2020) .........................................................8

*Spearman v. I Play, Inc.*,
   No. 2017-CV-01563 (TLN), 2018 WL 1382349 (E.D. Cal. Mar. 19, 2018)...........................10

*Student A v. Harvard Univ.*,
   No. 20-cv-10968, ECF #45 (D. Mass. Oct. 14, 2020) ..............................................................9

*Talab v. Board of Trustees of Duke University*,
   1:20-cv-00480-WO, ECF #5 (July 27, 2020) ...........................................................................8

*Transunion Corp. v. PepsiCo, Inc.*,
   811 F.2d 127 (2d Cir. 1987)......................................................................................................3

*Vogel v. Maimonides Acad. of W. Conn., Inc.*,
   58 Conn. App. 624 (2000) .........................................................................................................5

*Wright v. Southern New Hampshire Univ.*,
   No. 20-cv-00609, ECF #17 (D.N.H. Sept. 1, 2020) .................................................................9

*Zhao v. CIEE, Inc.*,
   No. 2:20-CV-00240 (LEW), 2020 WL 5171438 (D. Me. Aug. 31, 2020) ...............................7

**Statutes**

20 U.S.C. § 1232g...........................................................................................................................11

**Other Authorities**

34 C.F.R. § 99.31(a)(9)(ii) .............................................................................................................11

Federal Rules of Civil Procedure 12(b)(6).......................................................................................3

Federal Rules of Civil Procedure 26(c) ...........................................................................................2

Letter from L. Rooker, Family Policy Compliance Office, to E. Opton, Jr., University
    Counsel, The Regents of the University of California, dated Sept. 17, 1999
    ("Notice on campus bulletin boards or in campus newspapers would not be
    adequate to meet this requirement."), which may be found at
    https://www2.ed.gov/policy/gen/guid/fpco/ferpa/library/oakland_ca.html............................12

Yale College Undergraduate Regulations 2019-2020, ¶ 13, available at
    http://catalog.yale.edu/undergraduate-regulations/regulations/financial-
    services/............................................................................................................................6

As the Court directed at the telephonic status conference held on October 22, 2020, Defendant Yale University ("Yale") respectfully submits this motion to stay discovery until the Court decides Yale's forthcoming motion to dismiss.

## INTRODUCTION

On November 6, 2020, Yale will file its second motion to dismiss in this case. Yale's first motion raised substantial arguments that would have disposed of the case in its entirety. Plaintiff's Amended Class Action Complaint (ECF #37) has not cured those fundamental defects. As Yale's first motion explained, Connecticut case law forecloses Plaintiff's theory that Yale faces liability for pedagogical decisions it made during an unprecedented public health crisis. The Court should address that well-established and potentially dispositive legal issue—as well as several other issues Yale has raised and will raise—before imposing the burdens of discovery on Yale, particularly given the breadth of Plaintiff's claims and the scope of the putative class he seeks to represent. Yale therefore asks the Court to stay discovery until it resolves Yale's forthcoming motion to dismiss.

Granting a temporary stay of discovery would conserve the parties' resources—and those of the Court—with little effect on Plaintiff. Given the substantial issues Yale has already identified in its first motion, there is a strong possibility that a ruling on Yale's forthcoming motion may dispose of the entire case or, at minimum, narrow the issues on which discovery will be required. A stay is particularly appropriate given Plaintiff's decision to maximize the scope of his claims and the putative class. Rather than confining his claims to undergraduate students like him, he seeks to represent a class of over 13,000 students enrolled in fourteen different Yale schools, including graduate and professional schools. Am. Compl. ¶¶ 19, 51. The Amended Complaint also expands the time period covered by the claims. While the original complaint

1

sought damages for just a portion of the Spring 2020 semester, the Amended Complaint includes current and future semesters, Am Compl. ¶ 14, even though many students have now elected to reside on campus. In many respects, these new claims are even weaker, as they focus on a time period (Fall 2020) when students chose to attend school already knowing that Yale would teach certain courses in a virtual format and may need to modify use of some facilities to protect public health. Given the sweeping nature of the claims, it would be highly inefficient to order Yale to take on the burden of such broad discovery, and to have the Court referee discovery disputes, before this Court addresses whether all, or indeed any, of Plaintiff's claims may proceed.

A stay of discovery will not prejudice Plaintiff. Any stay would last only until this Court resolves the motion to dismiss and Yale has instituted a litigation hold, ensuring that no documents will be lost during the stay. By contrast, broad, undifferentiated, and burdensome discovery will be time-consuming and unnecessarily onerous, particularly during Yale's efforts to serve its students and community during this unprecedented global pandemic. Thus, just as many other courts have done in similar cases—including several cases seeking tuition refunds against universities because of COVID-19—this Court should stay discovery pending its resolution of Yale's motion to dismiss.

## LEGAL STANDARD

District courts have "considerable discretion" under Rule 26(c) of the Federal Rules of Civil Procedure to stay discovery for good cause. *Nowacki v. Town of New Canaan*, No. 3:16-CV-00407 (JAM), 2017 WL 11441480, at *1 (D. Conn. Jan. 5, 2017) (internal quotation marks omitted); *ITT Corp. v. Travelers Cas. & Surety Co.*, No. 3:12-cv-38 (RNC), 2012 WL 2944357, at *2 (D. Conn. July 18, 2012) (stay of discovery under Rule 26(c) "'is committed to the sound discretion of the court based on a showing of good cause.'"). The Court also has the inherent

authority and broad discretion to stay proceedings "to control the disposition of the causes on its

docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am.*

*Co.*, 299 U.S. 248, 254 (1936); *see also Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 128

(2d Cir. 1987) (affirming district court's decision to stay discovery pending motion to dismiss).

        While the District's Standing Order makes clear that the filing of a motion to dismiss

does not lead to an automatic stay of discovery, courts within the District nevertheless often issue

discovery stays "to avoid potentially expensive and wasteful discovery during the pendency of a

determination which could potentially reshape pending claims." *ITT Corp.*, 2012 WL 2944357,

at *2 (internal quotation marks omitted); *see also, e.g., Pro Music Rights, LLC v. Apple Inc.*,

3:20-cv-00309 (JAM), ECF #164 (D. Conn. Sept. 2, 2020) (staying discovery pending motion to

dismiss where motion raised substantial legal arguments and discovery sought would likely be

expansive); *Holcombe v. Ingredients Solutions, Inc.*, No. 17-cv-01090 (SRU), ECF #23 (D.

Conn. Dec. 11, 2017) (staying discovery "until a ruling is made on an anticipated motion to

dismiss the amended complaint" or an answer is filed).

        The Court's discretion to limit discovery until it decides the motion to dismiss fits with

Supreme Court precedent construing Rule 12(b)(6)'s pleading standard. In *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544 (2007), the Supreme Court expressed a serious concern that, without

rigorous scrutiny of the viability of a plaintiff's allegations on a Rule 12(b)(6) motion, "a

plaintiff with a largely groundless claim [may] be allowed to take up the time of a number of

other people, with the right to do so representing an *in terrorem* increment of the settlement

value." *Id.* at 558 (internal quotation omitted). By strengthening the standard, a plaintiff must

satisfy under Rule 12, the Supreme Court "hope[d] to avoid the potentially enormous expense of

discovery" in cases that warrant dismissal. *Id.* at 559. Second Circuit authority follows that rule,

explaining that "[a] plaintiff who has failed adequately to state a claim is not entitled to discovery." *Main St. Legal Servs., Inc. v. Nat'l Sec. Council*, 811 F.3d 542, 567 (2d Cir. 2016) (finding no abuse of discretion by district court in denying party discovery where party had failed to allege a plausible claim). As the Second Circuit has explained, *Twombly* and *Ashcroft v. Iqbal*, 566 U.S. 662 (2009), prevent the defendant from being forced to undertake burdensome discovery where the complaint fails to state a claim. *Pension Ben. Guar. Corp. v. Morgan Stanley Inv. Mgmt.*, 712 F.3d 705, 719 (2d Cir. 2013).

As *Twombly* (itself an antitrust class action) implies, these concerns are particularly acute in class action cases, which present unique and asymmetric discovery burdens. *E.g.*, *MSP Recovery Claims, Series LLC v. Hartford Fin. Services Group, Inc. et al.*, No. 20-cv-00305 (JCH), ECF #24 (D. Conn. June 29, 2020) (staying discovery pending resolution of motion to dismiss in class action case); *Chapman v. Priceline Group, Inc.*, No. 15-cv-01519 (RNC), ECF #49 (D. Conn. Feb. 10, 2016) (staying discovery pending resolution of motion to dismiss in class action case).

To determine whether a stay of discovery is appropriate pending ruling on a motion to dismiss, courts consider (1) whether there are substantial grounds for dismissal raised by the motion; (2) the breadth of discovery sought and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. *E.g.*, Pro *Music Rights, LLC*, 3:20-cv-00309 (JAM), ECF #164; *United States ex rel. Ameti v. Sikorsky Aircraft Corp.*, No. 3:14-CV-1223 (VLB), 2016 WL 10490528, at *1-*2 (D. Conn. Nov. 28, 2016); *Country Club of Fairfield, Inc. v. New Hampshire Ins. Co.*, No. 3:13-CV-00509 (VLB), 2014 WL 3895923, at *3 (D. Conn. Aug. 8, 2014); *accord, e.g.*, *Nowacki*, 2017 WL 11441480, at *1; *ITT Corp.*, 2012 WL 2944357, at *2. Here, all three factors weigh strongly in favor of a stay.

## ARGUMENT

### I.     Yale's Motion to Dismiss Raises Substantial Grounds for Dismissal.

The Court need not "predict the outcome of [Yale's] motion to dismiss" to grant a stay. A stay of discovery is appropriate where the arguments in favor of dismissal are "substantial and not unfounded in the law." *ITT Corp.*, 2012 WL 2944357, at *3; *accord, e.g.*, *Cuartero v. United States*, No. 3:05CV1161 (RNC), 2006 WL 3190521, at *2 (D. Conn. Nov. 1, 2006).

Plaintiff acknowledges that all of Yale's actions have adhered to established norms to address the public health needs during this extraordinary time. Am. Compl. ¶ 42 (acknowledging changes are "consistent with safety measures"). Even so, Plaintiff claims that the education he received during the Spring of 2020 and in current and subsequent semesters was deficient and less valuable because the education was provided virtually, either in whole (a portion of Spring 2020 semester) or in part (Fall 2020 semester). Am. Compl. ¶ 14 (damages are sought based on the "diminished value of online classes").

Plaintiff's claims are not viable. No matter how Plaintiff labels his causes of action, Connecticut law does not allow claims that an educational institution "fail[ed] to provide an effective education." *Gupta v. New Britain Gen. Hosp.*, 239 Conn. 574, 590 (1996) (collecting cases). As the Connecticut Supreme Court has observed, courts are "ill equipped" to weigh the relative value of one "method of teaching" over another. *Gupta*, 239 Conn. at 590; *Vogel v. Maimonides Acad. of W. Conn., Inc.*, 58 Conn. App. 624, 629 (2000). The *Gupta* rule thus prohibits weighing the relative value of online versus in-person instruction.

That rule applies with extra force here, where Plaintiff's Amended Complaint relies on a contract provision that gives Yale the discretion to determine the nature and extent of any refunds in circumstances like these. Plaintiff's Amended Complaint quotes regulations that, by

their plain language, committed to Yale's sole "judgment" the "appropriate" amount of any refund in the event of a suspension of operations, which Plaintiff appears to contend occurred here. Am. Compl. ¶ 26 (citing Spring 2020 student regulations). The regulations in place for Fall 2020 similarly emphasize that any refunds are in the "sole discretion" of Yale.[1] To be clear, Yale *did not* suspend operations during the pandemic, but even if it had, the regulation makes clear that refunds would be available only at Yale's discretion. As Plaintiff acknowledged at the October 22, 2020 status conference, Yale *did provide pro rata refunds* of room and board for students who were no longer on campus. But Yale continued to provide classes and credits and to incur all the costs of doing so. Thus, it appropriately exercised its judgment not to refund those amounts. Plaintiff does not allege that Yale exercised its discretion arbitrarily, capriciously, or in bad faith when it chose to provide a pro rata refund of room and board, but not to refund tuition and associated fees—given that it continued to provide all classes and corresponding credits.

Even apart from the *Gupta* rule, Plaintiff's three causes of action would fail.

- *Breach of Contract (Count I)*: Plaintiff has not alleged the breach of any contract provision specifically requiring in-person instruction. Instead, he points to course catalogues that list classes in a specific classroom, or vague statements that residential life at Yale is important. Am. Compl. ¶¶ 21-29. No reasonable person would think that these were contractual promises for in-person education during a pandemic. His claims thus fail *Iqbal*'s plausibility standard. Moreover, as noted above, the regulations that Plaintiff relies on commit the decision to issue any refund to Yale's discretion.

- *Unjust Enrichment (Count II)*: The unjust enrichment claim fails because there is no plausible allegation that Yale improperly retained funds. Yale provided an education and granted credit accordingly. Plaintiff does not (because he cannot) allege that Yale was "enriched" when, having already expended the funds necessary for traditional in-person education, it was forced mid-year to expend considerable additional funds on an expedited basis to move classes online. Nor does he make any factual averments that plausibly allege that Yale's actions—

---

[1] Yale College Undergraduate Regulations 2019-2020, ¶ 13, available at http://catalog.yale.edu/undergraduate-regulations/regulations/financial-services/ (webpage as of Oct. 28, 2020).

safeguarding its community during a pandemic while ensuring the continuity of education—were somehow "unjust."

- *Connecticut Unfair Trade Practices Act ("CUTPA") (Count III)*: Plaintiff's CUTPA claim fails for multiple reasons. First, while the claim is purportedly based on false and misleading statements, he identifies none. He also does not allege that Yale's conduct caused any student to take any action. Indeed, students were already enrolled when the Spring 2020 semester transitioned to virtual learning as a result of the world-wide pandemic. And Plaintiff cannot plausibly claim that the students relied on any statement Yale ostensibly made about the equivalence of on-line and in-person education in enrolling for the Fall 2020 semester, as students had the choice whether to (a) take a leave of absence; (b) enroll virtually without living at Yale or attending any in-person classes; or (c) live in Yale's residence halls and take a mix of in-person and virtual classes. The claim therefore fails, and the Court should dismiss the Complaint in its entirety.

There are currently hundreds of COVID tuition refund cases pending across the country. While most of these cases are in their infancy and have not resulted in an order on a dispositive motion, at least two courts have granted motions to dismiss. In *Zhao v. CIEE, Inc.*, No. 2:20-CV-00240 (LEW), 2020 WL 5171438 (D. Me. Aug. 31, 2020), the Plaintiff sought a partial refund of fees associated with an international study abroad program when the "abroad" portion of the program was not able to be completed due to COVID and remote instruction was provided instead. The Court granted defendant's motion to dismiss in full, concluding that the parties' contract did not promise a refund under the circumstances presented. In *Chong v. Northeastern University*, No. CV 20-10844 (RGS), 2020 WL 5847626 (D. Mass. Oct. 1, 2020), the Court likewise dismissed all claims for a tuition refund, concluding that no specific contractual promise of in-person learning had been established, permitting only claims relating to a specific recreation fee to go forward. Many other actions have been voluntarily dismissed by plaintiffs without explanation. *E.g.*, *Talab v. Board of Trustees of Duke University*, 1:20-cv-00480-WO (JEP), ECF #5 (July 27, 2020) (voluntary dismissal with prejudice as to named plaintiff);

*Shoham v. Loyola Marymount University*, 20-cv-04329 (CJC), ECF #13 (C.D. Cal. May 20, 2020) (voluntary dismissal without prejudice).[2]

Because Yale's forthcoming motion presents several "substantial argument[s] for dismissal" and "could significantly narrow, if not eliminate, the issues in the case," proceeding with discovery pending the outcome of that motion "would waste the parties' resources and constitute an undue burden" on Yale. *See Cuartero*, 2006 WL 3190521, at *1 (internal quotation marks omitted). Accordingly, a stay is warranted. *See Boelter v. Hearst Commc'ns., Inc.*, 15-cv-03934, 2016 WL 361554, at *4-*6 (S.D.N.Y. Jan. 28, 2016) (granting motion to stay discovery pending decision on motion to dismiss where "an initial review of the arguments presented in its support suggest[ed] that none are frivolous"); *Rivera v. Heyman*, No. 96-cv-4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) (granting motion for stay of discovery pending court's ruling on motion to dismiss where there was a "substantial argument for dismissal" and where the motion to dismiss could significantly narrow, if not eliminate the issues in the case, proceeding with discovery "would waste the parties' resources and would constitute an undue burden").

Indeed, numerous courts have stayed discovery pending resolution of a motion to dismiss in similar COVID tuition refund cases. *See Buschauer v. Columbia Coll. Chicago et al*, No. 20-cv-03394, ECF #20 (N.D. Ill. Aug. 27, 2020) (staying all discovery pending resolution of

---

[2] Plaintiff likely will point to a handful of decisions, some with very limited reasoning, reaching a contrary result. However, each case turns on an analysis of the specific facts alleged as well as doctrinal considerations in the relevant jurisdictions. As noted, here the contract relied on by Plaintiff specifically provides Yale discretion in determining the nature of any refund, which it appropriately exercised when it elected to refund a pro rata share of room and board, while not refunding tuition or related fees. Moreover, Connecticut's well-developed *Gupta* doctrine requires dismissal of claims that would require a Court to quantify the value of a supposedly inferior educational experience.

defendant's motion to dismiss); *Goldberg v. Pace Univ.*, No. 20-cv-03665, ECF #23 (S.D.N.Y. Sept. 8, 2020) (staying all discovery pending resolution of defendant's motion to dismiss); *Hernandez v. Illinois Inst. Of Tech.*, 20-cv-03010, ECF #25 (N.D. Ill. Aug. 20, 2020) (staying discovery including initial disclosures pending resolution of motion to dismiss); *In re Columbia University Tuition Refund Action*, No. 20-cv-03208 (JMF), ECF #41 (S.D.N.Y. July 6, 2020) (denying plaintiff's request for discovery pending resolution of defendant's motion to dismiss); *Student A v. Harvard Univ.*, No. 20-cv-10968, ECF #45 (D. Mass. Oct. 14, 2020) (granting defendant's motion to stay discovery except as to initial disclosures); *Patel v. Univ. of Vermont*, No. 20-cv-00061, ECF #21 (D. Vt. July 28, 2020) (granting consented stay of discovery pending resolution of motion to dismiss); *Wright v. Southern New Hampshire Univ.*, No. 20-cv-00609, ECF #17 (D.N.H. Sept. 1, 2020) (same); *Birdsall v. Brigham Young Univ.-Idaho, Inc.*, No. 20-cv-00270, ECF # 30 (D. Idaho Oct. 1, 2020) (same).

Accordingly, because the forthcoming motion to dismiss raises substantial arguments for dismissal of the Complaint in its entirety, or at minimum, narrowing of the claims asserted, discovery should be stayed pending a ruling on that motion.

## II.   The Breadth and Burden of Discovery Weigh in Favor of a Stay.

This motion should also be granted because the breadth of discovery that Plaintiff will seek in this putative class action appears to be considerable and may be subject to objections and motion practice. A stay would save the parties, and likely this Court, "expensive and wasteful discovery during the pendency of a determination which could potentially reshape pending claims." *ITT Corp.*, 2012 WL 2944357, at *2.

Courts in this District regularly grant discovery stays pending a decision on initial dispositive motions where discovery is likely to be complex, such as putative class actions. *See,*

*e.g.*, *Granite Commc'ns, Inc. v. One Commc'ns Corp.*, No. 3:07-CV-1354 (PCD), 2008 WL 11381494, at *1 (D. Conn. Apr. 24, 2008) (granting motion to stay discovery where plaintiff sought discovery into "hundreds (if not thousands)" of potential class members); *In re First Constitution Shareholders Litig.*, 145 F.R.D. 291, 294 (D. Conn. 1991) (granting motion to stay discovery in putative class action based on burden to defendant).[3]

As discussed above, Plaintiff asserts claims relating to fourteen separate schools, involving multiple semesters and over 13,000 students. While Plaintiff has not yet served discovery, it is Yale's understanding that the discovery sought will be extensive, including information from each school relating to its contracts, regulations, course manuals, marketing materials, correspondence with students, documents relating to Yale's decision-making process as to how to adapt each course in view of the pandemic and how those choices evolved as time went on, documents on how each course was taught pre and post-pandemic and the relative importance of the "in-person"

---

[3] Courts around the nation do as well. *See, e.g., Reveal Chat Holdco, LLC v. Facebook, Inc.*, No. 20-CV-00363 (BLF), 2020 WL 2843369, at *4 (N.D. Cal. Apr. 10, 2020) (granting motion to stay discovery in putative class action where defendant's motion to dismiss was "potentially dispositive of the entire" case, plaintiffs were not prejudiced by stay because discovery was not necessary to rule on the motion to dismiss, and noting that allowing discovery to proceed while motion to dismiss was pending could amount to a waste of resources); *Belloso v. Asplundh Tree Expert, Co.*, No. 618-CV-460 (ORL), 2018 WL 4407088, at *3 (M.D. Fla. Sept. 17, 2018) (granting motion to stay in putative class action after finding that "Defendant's motion to dismiss has merit and is potentially case dispositive"); *Spearman v. I Play, Inc.*, No. 2017-CV-01563 (TLN), 2018 WL 1382349, at *2 (E.D. Cal. Mar. 19, 2018) (granting motion to stay putative class action where pending motion to dismiss was potentially dispositive and had merit); *Scoma Chiropractic, P.A. v. Jackson Hewitt Inc.*, No. 2:17-CV-24 (FTM), 2017 WL 5256861, at *2 (M.D. Fla. Nov. 13, 2017) (granting motion to stay discovery in class action after taking a "preliminary peak" at defendant's motion to dismiss and finding it to be meritorious and where stay would cause plaintiff little harm and promote judicial efficiency); *Daniels v. Dataworkforce LP*, No. 14-CV-00822 (KMT), 2014 WL 4783670, at *2 (D. Colo. Sept. 25, 2014) (granting motion to stay discovery and noting that "decisions from this District have recognized the propriety of staying the significant discovery associated with class-actions claims while a dispositive motion to dismiss is pending"); *Schmaltz v. Smithkline Beecham Corp.*, No. 08-CV-00119-WDM (MEH), 2008 WL 3845260, at *1–2 (D. Colo. Aug. 15, 2008) (granting motion to stay discovery as to class claims which may be disposed of in their entirety through resolution of defendant's motion to dismiss).

experience to each (Plaintiff claims, for example, that an in-person experience would be particularly important for lab courses), documentation relating to how Yale made available services (such as the library) even when the physical building was closed to visitors, as well as documents relating to each student's use or non-use of specific facilities or activities pre and post-pandemic, documents relating to how much each student paid Yale (since many students receive scholarships) and *who* paid (since many students do not do so), and many other items.

Furthermore, beyond the typical broad and expensive efforts related to document discovery, there would also be legal issues and additional costs that would arise with respect to requests for discovery of any student records pursuant to the Family Educational Rights and Privacy Act ("FERPA"). 20 U.S.C. § 1232g; 34 C.F.R. Part 99. Under FERPA, Yale may only disclose information pertaining to student records without the student's or parent's written consent under certain circumstances, including, but not limited to a judicial order or lawfully issued subpoena, and *then only after a "reasonable effort" to notify the student that it intends to release the student's protected education records.* 34 C.F.R. § 99.31(a)(9)(ii) (emphasis added). That notice provides each student with an opportunity to object to the disclosure of his or her records. *Id.* As a result, even if this Court were to order Yale to produce student records, Yale would be required to make a "reasonable effort" to notify each of the thousands of students in the putative class. The burden on Yale to make such a "reasonable effort" would be substantial inasmuch as a general notice to students may not satisfy the "reasonable effort" standard.[4] These efforts to comply with FERPA in the face of a valid court order or subpoena would require significant

---

[4] *See* Letter from L. Rooker, Family Policy Compliance Office, to E. Opton, Jr., University Counsel, The Regents of the University of California, dated Sept. 17, 1999 ("Notice on campus bulletin boards or in campus newspapers would not be adequate to meet this requirement."), which may be found at https://www2.ed.gov/policy/gen/guid/fpco/ferpa/library/oakland_ca.html.

expenditures of time and money by Yale. Likewise, efforts to redact information relating to over 13,000 student files prior to production would require the expenditure of significant resources.

A temporary stay pending the resolution of Yale's potentially dispositive motion to dismiss would allow an efficient and measured approach to the management of discovery in this case. The scope of the Plaintiff's anticipated discovery requests is broad and burdensome. That burden is unjustified where the motion to dismiss could obviate the need for any discovery or substantially narrow the relevant scope of discovery.

## III.   Plaintiff Would Not Be Prejudiced by the Brief Stay.

Finally, there is no plausible argument that Plaintiff will suffer any unfair prejudice from a stay of discovery, as there is no compelling need for immediate discovery. "Absent circumstances presenting a compelling need for prompt discovery – as there might be if, for example, provisional relief were being sought or if testimony needed to be preserved due to the ill health of a witness – . . . the principles underlying *Twombly* counsel in favor of granting [a] motion to stay." *DSMDesotech Inc. v. 3D Sys. Corp.*, No. 08-cv-1531, 2008 WL 4812440, at *3 (N.D. Ill. Oct. 28, 2008); *see also, e.g.*, *In re First Constitution Shareholders Litig.*, 145 F.R.D. 291, 294 (D. Conn. 1991) (staying discovery pending resolution of the motion to dismiss, noting "it is likely that discovery will be protracted and it is highly unlikely that the case will be tried within the immediate future; therefore, plaintiffs are not unduly delayed if discovery is stayed for what is expected to be a relatively short period of time"). In sum, "[t]he prejudice to plaintiff from a stay of discovery will be minimal, as discovery will only be stayed until a decision is reached on the Motion to Dismiss." *Cuartero*, 2006 WL 3190521, at *3.

If the motion to dismiss is granted, then both parties will have saved considerable needless expense. If the motion to dismiss is denied, then the Plaintiff will have ample opportunity to

conduct all the discovery to which he may be entitled at that time. Additionally, as this case remains in its early stages and the Plaintiff has not yet pursued discovery, prejudice to the Plaintiff from a stay is negligible. *See Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-cv-5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (holding that the plaintiff would not be prejudiced where no discovery requests had yet been served in the case and the commencement of discovery would be delayed for only a few months). Proceeding with discovery at this juncture will only place an unnecessary burden on the resources of the parties and the Court in the face of a strong motion to dismiss that warrants dismissal of all the claims asserted. Moreover, even if the Court dismisses some but not all the claims alleged, the narrowing of the Plaintiff's claims may focus discovery and reduce the burden and expense for the parties and the Court.

## CONCLUSION

For the foregoing reasons, Yale respectfully requests that the Court enter an order staying discovery until the Court rules on Yale's forthcoming motion to dismiss the Amended Class Action Complaint.

Dated: October 29, 2020                    Respectfully submitted,

                                           /s/ *Jonathan M. Freiman*
                                           Jonathan M. Freiman (ct24248)
                                           Kim Rinehart (ct24427)
                                           Benjamin M. Daniels (ct29713)
                                           WIGGIN AND DANA LLP
                                           P.O. Box 1832
                                           New Haven, CT 06508-1832
                                           Phone: (203) 498-4400
                                           Fax: (203) 782-2889
                                           jfreiman@wiggin.com
                                           krinehart@wiggin.com
                                           bdaniels@wiggin.com

                                           *Attorneys for Defendant Yale University*