IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| JONATHAN MICHEL, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>YALE UNIVERSITY,<br><br>Defendant. | Case No. 3:20-cv-01080-JCH |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO**
**STAY DISCOVERY PENDING MOTION TO DISMISS**

Due to the COVID-19 pandemic, Yale canceled its in-person classes and effectively closed its campus. Though it can no longer provide students with the in-person education it promised, Yale has continued to charge students full tuition. Yale asks the Court to stay discovery until its motion to dismiss is decided. Def. Motion to Stay Discovery Pending Motion to Dismiss (ECF 39) ("Mtn").

Yale's dismissal arguments have been roundly rejected by other courts facing similar COVID-19 college tuition suits, and it has failed to satisfy its burden to show good cause for a stay of discovery. A stay will not narrow or streamline the necessary discovery, as all the claims stem from the same core operative facts. In addition, Yale has not shown it is likely to succeed on its motion to dismiss, has not shown that delay will affect the scope of discovery, and has failed to demonstrate that the prejudice from a delay would be outweighed by the benefits to the parties or the Court. As such, this Court should not deviate from the District's general presumption against a stay, and Yale's motion should be denied.

1

## I. OTHER COVID-19 TUITION CASES

At the October 22, 2020 status conference, the Court requested the parties identify how courts have ruled in similar COVID-19 tuition claims.

Every court that Plaintiff has canvassed that was presented with a motions to dismiss similar to Yale's has denied the motion, at least in part. *See* sections III.A.1 at pp. 4-5, and section III.A.3 at pp. 7-8, *infra* (citing cases).

As to motions to stay discovery, courts have been roughly split. Yale cites five cases granting disputed motions to stay discovery. Mtn. at 8-9. At the time they were granted, fewer courts had ruled on similar motions to dismiss so there was a smaller record in terms of the likelihood a dismissal. Indeed, given the fact that every court has denied motions to dismiss similar COVID-19 tuition cases, the stays Yale cites are inapposite.

The better course has been followed in at least four other COVID-19 tuition cases, denying the motion to stay discovery. *See, e.g., Marbury v. Pace University*, Case No. 1:20-cv-03210, ECF #37 (S.D.N.Y. Oct. 26, 2020) (denying stay); *Rhodes v. Embry-Riddle Aeronautical University*, Case No. 6:20-cv-00927, ECF #44 (M.D. Fla. Oct. 19, 2020) (denying stay); *Young v. Liberty University, Inc.*, Case No. 1:20-cv-05742-LGS, ECF #20 (S.D.N.Y. Oct. 13, 2020) (denying stay); *Zwiker v. Lake Superior State Univ.*, Case No. 20-000070-MK (Mich. Ct. of Claims July 23, 2020) (denying stay). *See also Zagoria v. New York University*, Case No. 1:20-cv-03610, ECF #37 (S.D.N.Y. Aug. 11, 2020) (requiring defendant to file objections to discovery within 20 days, and staying discovery pending decision on discovery objections).

## II. LEGAL STANDARD

Yale admits that filing a motion to dismiss does not in itself justify staying discovery. Mtn. at 3, but underplays its burden to show good cause. Mtn. at 3-4.

Under longstanding Supreme Court precedent and current Federal Rules, Yale "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936) (reversing stay of proceedings). It must demonstrate "good cause" apart from the mere fact that a motion to dismiss is pending or that discovery is generally burdensome. *See Lithgow v. Edelmann*, 247 F.R.D. 61, 62 (D. Conn. 2007) (denying stay of discovery pending resolution of challenge to court's jurisdiction). *See also Morien v. Munich Reinsurance Am., Inc.*, 270 F.R.D. 65, 67 (D. Conn. 2010) (denying motion to stay; "[t]he pendency of a dispositive motion is not, in itself, an automatic ground for a stay"); *New England Carpenters Health & Welfare Fund v. Abbott Labs.*, No. 12 C 1662, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013) (denying stay, "asking this Court to make a preliminary finding on the likelihood of success on the merits circumvents the usual procedures for ruling on the motion."); *Moran v. Flaherty*, No. 92-CV-3200, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992) ("discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed."); *Moss v. Hollis*, No. B-90-177, 1990 WL 138531, at *1, (D. Conn. June 29, 1990) (denying motion to stay; "Rule 1 provides that the rules 'shall be construed to secure the just, speedy, and inexpensive determination of any action.'") (quoting Fed. R. Civ. P. 1).

Where a party seeks a stay of discovery pending resolution of a dispositive motion, the Court considers: "(1) the strength of the dispositive motion; (2) the breadth of the discovery sought; and (3) the prejudice a stay would have on the non-moving party." *Lithgow*, 247 F.R.D. at 62 (denying stay); *Stanley Works Israel Ltd. v. 500 Grp., Inc.*, No. 3:17-CV-01765 (CSH), 2018 WL 1960112, at *2 (D. Conn. Apr. 26, 2018) (denying stay).

### III. ARGUMENT

**A.     Yale fails to make the requisite "strong showing" it will succeed on its motion to dismiss**

Yale falls far short of the requisite "strong showing" that it will succeed on its motion to dismiss. *See Gray*, 133 F.R.D. at 40 ("Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a 'fishing expedition' or for settlement value, this is not such a case."); *Moss*, 1990 WL 138531, at *1 (denying stay; "a review of the complaint reveals that it is not frivolous"); *Covenant Imaging, LLC v. Viking Rigging & Logistics, Inc.*, 3:20-CV-00593 (KAD), 2020 WL 5411484, at *2 (D. Conn. Sept. 9, 2020) (denying stay).

Yale's motion to dismiss makes the same arguments that other schools have made in similar COVID-19 college tuition cases. And almost universally, the arguments failed.

***1. Plaintiff's claims are for breach of contract, not "educational malpractice."***

Like Yale, nearly every school in other COVID-19 tuition cases has tried to cast the claims as "educational malpractice," misreading the allegations as claiming the school failed to provide an effective education. *See, e.g.,* Def. Motion to Dismiss (ECF 41) at 9, citing *Gupta v. New Britain Gen. Hosp.*, 239 Conn. 574, 582 (1996) (holding claims alleging school failed to provide an effective education are not cognizable, but clarifying that a school would be liable "if the educational institution failed to fulfill a specific contractual promise.").

In the other COVID-19 suits, every court addressing the issue held that the educational malpractice bar was inapplicable. Like here, the plaintiffs did not claim that the promised in-person services were inadequate—they claim that the promised in-person services were not provided at all. *See Salerno v. Florida S. Coll.*, 2020 WL 5583522, at *5 (M.D. Fla. Sept. 16, 2020) (denying motion to dismiss, reasoning plaintiff's claim "is not about the College's

4

decision to move to online learning. This case is simply about an alleged promise to provide in-person learning that was allegedly breached."); *Cross v. Univ. of Toledo*, No. 2020-00274-JD, 2020 WL 4726814, at *1 (Ohio Ct. Cl. Jul. 8, 2020) ("Cross's [c]omplaint presents claims of breach of contract and unjust enrichment—not 'tuition refund' or 'educational malpractice' claims, as asserted by UT."). *See also Smith v. Ohio State Univ.*, 2020 WL 5694224, at *1 (Ohio Ct. Cl. Sept. 9, 2020) (similar, denying motion to dismiss); *Garland v. Western Michigan Univ.*, 2020 Mich. Ct. Cl. LEXIS 7 (Mich. Ct. Cl. Sept. 15, 2020) (same); *Waitt v. Kent State Univ.*, 2020 WL 5894543, at *1 (Ohio Ct. Cl. Sept. 28, 2020); *McDermott v. Ohio State Univ.*, 2020 WL 5239892, at *1 (Ohio Ct. Cl. Aug. 24, 2020) (same); *Mellowitz v. Ball State University*, No. 49D14-2005-PL-015026, 2020 WL 5524659, at *1 (Ind. Super. Ct., Marion Cty. Aug. 14, 2020) (same); *Milanov v. Univ. of Michigan*, No. 20-000054-MK, 2020 Mich. Ct. Cl. LEXIS 1 (Mich. Ct. Cl. Jul. 27, 2020) (same).

Under well-established Connecticut law, the "basic legal relation between a student and a private university or college is contractual in nature." *Johnson v. Schmitz*, 119 F. Supp. 2d 90, 93 (D. Conn. 2000) (internal citation and quotation marks omitted). Further, "catalogues, bulletins, circulars, and regulations of the institution determine the contractual relationship between the student and the educational institution." *Johnson*, 119 F. Supp. 2d at 93 (internal quotation marks omitted). *See also* Am. Compl. at ¶¶ 23-25 (quoting Yale's Faculty Handbook requiring faculty "to remain on campus and to teach," Yale's promise that all course format changes will be pre-reviewed by the Course of Study Committee, and other representations of in-person college experience).

In short, Yale is unlikely to succeed on the merits of its motion to dismiss. *See Gupta,* 239 Conn. at 592-93 (clarifying that a school would be liable "if the educational institution failed

to fulfill a specific contractual promise."); *Ross v. Creighton Univ.*, 957 F.2d 410, 417 (7th Cir. 1992) (reversing dismissal of claim that school breached contract by not providing meaningful access to curriculum); Amended Compl. ¶¶ 21-25, 27-37 (alleging Yale breached its promise to provide in-person educational services); *id.* ¶¶ 26-29 (alleging Yale's promise to use its discretion in providing tuition refunds in case of emergencies requiring school closure must be performed in good faith, and that Yale breached its promises).[1]

### *2. Rule 12 prohibits Yale's denials of Plaintiff's factual allegations.*

Yale next simply disputes Plaintiff's factual allegations, which demonstrates why Plaintiff would be severely prejudiced by denying him discovery so that he may respond to Yale's arguments. *Lithgow*, 247 F.R.D. at 62 (denying stay, as it "would likely severely prejudice the plaintiff by impeding her ability both to respond to the motion to dismiss and to prove her claim.").

As to Yale's promise that if a safety concern causes it to suspend programs and operations, it "will make arrangements for appropriate refunds . . . warranted in light of all the circumstances," Am. Compl. at ¶ 26 (quoting Yale College Undergraduate Regulations 2019-2020), Yale's counsel simply states that its decision to not issue refunds was made in good faith. Mtn. at 8 n.2. *Compare* Am. Compl. at ¶¶ 31-32, 35-48 (alleging facts demonstrating how a refund is "warranted in light of all the circumstances"). To Plaintiff's allegations that "Yale promised to provide the education specified in the course catalog and course syllabus, including the time and physical location of the in-person instruction," Am. Compl. at ¶ 22 (providing image example), Yale insists that "[n]o reasonable person would think that these were contractual promises for in-person education." Mtn. at 6. Yale simply denies Plaintiff's

---

[1] Thus, Yale is simply incorrect when it claims that "Plaintiff does not allege that Yale exercised its discretion . . . in bad faith." Mtn at 6.

allegations that it was unjustly enriched, Mtn. at 6; *compare* Am. Compl. ¶¶ 72, 74-75, and that Plaintiff relied on Yale's representations, Mtn. at 7; *compare* Am. Compl. ¶¶ 76-82.

The reality is that these factual contentions present jury questions. Such denials of alleged facts are inappropriate for a motion to dismiss. But more relevantly here, such denials further demonstrate the unjust prejudice of staying discovery.

### *3. Courts uniformly denied motions to dismiss similar COVID-19 tuition cases.*

Addressing allegations similar to Plaintiff's, every court has denied the motion to dismiss, at least in part, meaning that the cases all moved forward, as this one likely will. *See Rosado v. Barry Univ.*, Case No. 1:20-CV-21813-JEM (S.D. Fl. Oct. 30, 2020); *Zahn v. Ohio Univ.*, 2020 Ohio Misc. LEXIS 230 (Ohio Ct. Cl. Oct. 19, 2020); *Waitt v. Kent State Univ.,* 2020 WL 5894543 (Ohio Ct. Cl. Sept. 28, 2020); *Salerno v. Florida Southern College,* 2020 WL 5583522 (M.D. Fla. Sept. 16, 2020); *Garland v. Western Michigan Univ.*, 2020 Mich. Ct. Cl. LEXIS 7 (Mich. Ct. Cl. Sept. 15, 2020); *Smith v. Ohio State Univ.*, 2020 WL 5694224 (Ohio Ct. Cl. Sept. 9, 2020); *McDermott v. Ohio State Univ.*, 2020 WL 5239892 (Ohio Ct. Cl. Aug. 24, 2020); *Mellowitz v. Ball State Univ.*, 2020 WL 5524659 (Ind. Super. Ct. Aug. 14, 2020); *Milanov v. Univ. of Michigan*, 2020 Mich. Ct. Cl. LEXIS 1 (Mich. Ct. Cl. Jul. 27, 2020); *Cross v. Univ. of Toledo*, 2020 WL 4726814 (Ohio Ct. Cl. Jul. 8, 2020).

Ignoring the plethora of authority, Yale musters only two cases granting a motion to dismiss. The first, *Chong v. Northeastern University*, actually *denied* the school's motion to dismiss breach of contract claim as to some fees, and granted leave to amend the breach of contract claim as to tuition, describing promises made in course schedules and cited in the plaintiff's opposition brief but not alleged in the complaint. No. CV 20-10844 (RGS), 2020 WL 5847626, at *3 (D. Mass. Oct. 1, 2020). *See id.*, Third Amended Class Action Complaint, ECF

#40 (D. Mass. Oct. 6, 2020) (alleging promises made in course schedules). In the other, *Zhao v. CIEE, Inc.*, No. 2:20-CV-00240 (LEW), 2020 WL 5171438 (D. Me. Aug. 31, 2020), the student's contract with a study-abroad organization specifically stated that no refunds would be given for programs cut short due to a pandemic. Here, in comparison, Yale expressly promised that refunds would be granted when warranted by a public health concern, a promise that must be performed in good faith. Am. Compl. ¶ 26.

Far from making the required "strong showing" of "likely success" on its motion to dismiss, Yale has shown only that its motion is likely to fail.

### B. A Stay Will Not Narrow the Discovery's Breadth or Scope

Given that Plaintiff's breach of contract, unjust enrichment, and unfair trade practices all revolve around the same operative facts, even if one or more of Plaintiff's claims is dismissed, the scope of discovery will be unchanged. Plaintiff would seek Yale's agreements with students, school regulations, course catalogs, course syllabi, marketing materials, correspondence with students, pre-COVID standards regarding online courses, and discovery sufficient to identify how much Yale charged and received in tuition and fees.[2]

Yale does not argue otherwise. Instead, Yale speculates that discovery will be "considerable and may be subject to objections and motions practice." Mtn. at 9. Yale complains that it might have to redact information from student files. Mtn. at 12. *See Covenant Imaging, LLC v. Viking Rigging & Logistics, Inc.*, No. 3:20-CV-00593 (KAD), 2020 WL 5411484, at *2

---

[2] Plaintiff has not yet served discovery requests, and Plaintiff's summary here is intended as a reasonable guide only. Yale describes other areas of discovery that Plaintiff has not (yet) decided to request. For example, Yale finds it important "*who* paid," Mtn. at 11 (emphasis in original), but it cannot be disputed that even if a student's parent paid for the education, the student is the one who agreed to Yale's terms, and the student is the one who did not receive what was promised. If Yale plans to rely upon "who paid" as a defense or in an effort to defeat certification, it is Yale, not Plaintiff, that brings this issue into discovery.

(D. Conn. Sept. 9, 2020) (denying stay; "Pioneer does little more than complain that it must participate in any discovery.")

Such speculation does not amount to good cause. Any genuine concerns about discovery requests' breadth or burden can be addressed through the rules and the meet-and-confer process, just like in every other case. *See, e.g.*, *Gray*, 133 F.R.D. at 40 (denying stay; "defendants may only seek to attack the discovery requests by means of objections, if appropriate, as provided in the Federal Rules"); *Brooks v. Macy's Inc.*, No. 10 Civ. 5304 (BSJ) (HBP), 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010) (denying stay; "[b]ecause no discovery requests have been served, it is impossible to assess both the breadth of the discovery sought and the prejudice, if any, that defendant would suffer in responding to the requests."); *Waterbury Hosp. v. U.S. Foodservice, Inc.*, No. 3:06-CV-1657 (CFD) (TPS), 2007 WL 328899, at *2 (D. Conn. Feb. 1, 2007) (denying stay; "[i]t is not appropriate for the court to determine that the discovery sought is too broad without first seeing exactly what it is plaintiffs are requesting" and "[t]he defendant is adequately protected from unduly broad and burdensome discovery requests by the Federal Rules.").

And Yale fails to articulate how delaying specific discovery objections promotes efficiency. For example, Yale speculates that Plaintiff might request student records that might require Yale to reasonably attempt to notify affected students. Mtn. at 11. *If* Plaintiff's discovery requests involve student records, the burden of sending students' notice will only increase as time goes on and students move elsewhere.

Yale's apparent main concern is that is that responding to discovery in a class action suit will be burdensome. Mtn. at 9-10 (citing cases). However, "[s]uch general arguments could be said to apply to any reasonably large civil litigation." *Gray,* 133 F.R.D. at 40. And just as a pending motion to dismiss does not automatically warrant a discovery stay, neither does a

9

putative class action. *See Stanley Works Israel Ltd. v. 500 Grp., Inc.*, No. 3:17-CV-01765 (CSH), 2018 WL 1960112, at *2 (D. Conn. Apr. 26, 2018) (denying stay pending motion to dismiss in putative class action); *Owens v. Starion Energy, Inc.*, No. 316-CV-01912 (VAB), 2017 WL 11017283, at *2 (D. Conn. June 30, 2017) (same, concluding "a stay of all discovery for an undefined length of time is not necessary to reduce the burden on and potential prejudice to the parties, as the Court has the authority to tailor discovery in a way that ensures that discovery proceeds justly"); *Levinson v. Pscc Servs., Inc.*, No. 3:09-CV-00269 (PCD), 2009 WL 10690157, at *1 (D. Conn. Sept. 16, 2009) (similar).

### C. A Stay Would Prejudice Plaintiff

As to the third and final factor, Yale asserts that "there is no plausible argument Plaintiff will suffer any unfair prejudice." Mtn. at 12. *See also* Mtn. at 13 ("prejudice to the Plaintiff from a stay is negligible."). Yale is incorrect.

The fact is that Plaintiff's and the Class' harm is ongoing. *See, e.g.,* Compl. at ¶¶ 49-50. Plaintiff and the students presently feel the financial strain of Yale's tuition overcharge. The longer Yale retains the tuition monies at issue, the more it is unjustly enriched. Students are now grappling with Spring 2021 course selections and Fall 2021 plans, options, and potential applications for other opportunities. Yale's breach has already affected two semesters—almost one-fourth of Plaintiff's undergraduate studies.

Delaying discovery, and effectively putting the case on hold for an unknown time period pending ruling on the motion to dismiss, will delay Plaintiff and other students the relief they seek at a period in their lives that cannot be paused or re-done. *See, e.g., U.S. v. Swissco Props. within S. Dist. of Fla.*, 821 F. Supp. 1472, 1475 (S.D. Fla. 1993) (denying stay; "Quite simply, justice delayed is justice denied."); *Udeen v. Subaru of America, Inc.*, 378 F. Supp. 3d 330, 333

(D.N.J. 2019) (denying stay; "plaintiffs will be prejudiced if all discovery is stayed . . . the case will be in suspense for months if defendants' request is granted.").

Moreover, the longer a case is delayed, the more likely critical evidence may be lost, and the more witnesses' memories will fade. *See, e.g., New York v. Hill*, 528 U.S. 110, 117, 120 S. Ct. 659, 665, 145 L. Ed. 2d 560 (2000) ("Delay can lead to a less accurate outcome as witnesses become unavailable and memories fade."); *Clinton v. Jones,* 520 U.S. 681, 707-08 (1997) ("[D]elaying trial would increase the danger of prejudice resulting from the loss of evidence including the inability of witnesses to recall specific facts, or the possible death of a party"); *Sutor v. Amerigroup Corp.*, No. 119CV1602LMBJFA, 2020 WL 2124180, at *2 (E.D. Va. Mar. 10, 2020) ("a prolonged stay can make discovery unnecessarily difficult for other reasons, as relevant employees leave and memories fade"); *S.E.C. v. K2 Unlimited, Inc.*, 15 F. Supp. 3d 158, 160 (D. Mass. 2014) ("Staying discovery would entail the risk of losing evidence through the death if witnesses or fading memories.").

Finally, Yale makes a number of new factual assertions in its motion to dismiss, *see, e.g.,* Def. Motion to Dismiss (ECF 41) at 27, and claims that Plaintiff fails to allege details as to certain promises, *id.* Staying discovery will prejudice Plaintiff's ability to amend his complaint, should the Court require, to respond to these additional matters or allege these additional details. *See Lithgow*, 247 F.R.D. at 63 (denying stay as it "would likely severely prejudice the plaintiff by impeding her ability both to respond to the motion to dismiss . . .").

## IV. CONCLUSION

Yale desires a temporary delay in discovery, but students needs resolution. Their academic future, and their corresponding lifetime prosperity and success, require them to plan well in advance. Plaintiff filed suit in July, and should be able to move forward with discovery

when Yale has failed to show that its motion to dismiss is likely to succeed, staying discovery will not narrow the breadth and scope of the necessary discovery, and the stay will result in prolonged inequitable status quo, stale evidence, and fading memories of pre-COVID life.

Plaintiff respectfully requests this Court **DENY** Yale's motion to stay discovery and permit discovery to commence forthwith.

Dated: November 11, 2020

Respectfully submitted,

PLAINTIFF JONATHAN MICHEL

BY:  /s/ Yvette Golan
Yvette Golan (*pro hac vice*)
THE GOLAN FIRM, PLLC
2000 M St. NW Suite #750-A
Washington, DC  20036
Tel: (866) 298-4150, ext. 101
Fax: (928) 441-8250
ygolan@tgfirm.com

FRANCIS MAILMAN SOUMILAS, P.C.
James A. Francis (*pro hac vice*)
John Soumilas (*pro hac vice*)
David A. Searles (*pro hac vice*)
Edward H. Skipton (*pro hac vice*)
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Tel: 215-735-8600
Fax: 215-940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
dsearles@consumerlawfirm.com
eskipton@consumerlawfirm.com

Sarah Poriss (ct24372)
777 Farmington Ave., 1st Fl.
West Hartford, CT 06119
Tel: 860-233-0336
Fax: 866-424-4880

sarahporiss@prodigy.net

*Attorneys for Plaintiff Jonathan Michel*