UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JONATHAN MICHEL,<br><br>                    Plaintiff,<br>v.<br><br>YALE UNIVERSITY,<br><br>                    Defendants. | Case No. 3:20-cv-01080-JCH<br><br>NOVEMBER 12, 2020 |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION [DKT. # 39] TO STAY DISCOVERY PENDING MOTION TO DISMISS**

Defendant Yale University ("Yale") respectfully submits this reply in support of its motion to stay discovery [Dkt. #39] pending a decision on Yale's motion to dismiss [Dkt. #41]. Yale explained in its opening brief that a stay is warranted because the motion to dismiss raises substantial grounds for dismissal, discovery in this putative class action would be unduly burdensome, and Plaintiff Jonathan Michel will suffer little if any prejudice from a stay. *Id.* Any stay will be short as Yale submitted its motion to dismiss in early November, Dkt. #41, and the parties will finish briefing in early December. Plaintiff's objections to the stay have no merit.

*First*, Plaintiff fails to rebut the substantial grounds for dismissal. Connecticut law does not allow Michel to assert a claim that Yale's remote instruction was inferior to in-person instruction, entitling him to a refund under a breach of contract, unjust enrichment, or CUTPA theory. (*See* Dkt #39, pp. 5-9; Dkt. # 41.) However labeled, any claim that the transition to remote learning diminished the educational value of Plaintiff's semester violates *Gupta v. New Britain Gen. Hosp.*, 239 Conn. 579 (1996).

1

The only ways around that rule would have required Plaintiff to point to a specific contractual provision requiring Yale to provide in-person classes under all circumstances, or to allege a fundamental failure to provide an education, or to allege bad faith. *Id.* Plaintiff did none of these. *See* Dkt. # 41 at pp. 8-21.

He cites a course catalogue assigning classroom locations, promotional materials extolling the residential college experience, and a handbook exhorting faculty members to remain on campus during exams. Am. Compl. ¶¶ 21-29. Those are not the sort of specific promises cognizable under *Gupta* and courts have repeatedly found no breach of contract where a university makes course modifications due to events beyond its control. *E.g.*, *Cuesnongle v.Ramos*, 713 F.2d 881, 885 (1st Cir. 1983) (dealing with strike) (it "should startle anyone at all familiar with university life" "to think that a university could be found to have broken its contract when it changed the dates of classes, or the curriculum, for reasons beyond its control"). Moreover, the undergraduate regulations Michel relies upon to support his claims make clear that Yale had, and continues to have, the discretion to determine the amount of any refunds it chooses to issue, and it is undisputed that Yale exercised that discretion and provided pro rata refunds of room and board (which were no longer being used) but not of tuition (as students were still receiving instruction and credit). Dkt. 41, Ex. A (" In the unlikely event that public health ... concerns cause the University temporarily to suspend University programs and operations, the University will make arrangements for appropriate refunds, consistent with the principles enunciated in these Regulations, **as may in its judgment be warranted** in light of all the circumstances of the suspension and consistent with applicable law and regulations.") (emphasis added); Ex. B ("Certain events that are beyond the University's control may cause or require the interruption or temporary suspension of some or all services and programs customarily furnished

2

by the University. ... In the face of such events, the University may, **at its sole discretion**, provide substitute services and programs or appropriate refunds.") (emphasis added).  These provisions flatly contradict Plaintiff's claims.

Plaintiff argues that he has alleged a fundamental failure to provide an *in-person* education.  Dkt. # 42 at 4-5. That misstates the fundamental failure test, which asks whether a plaintiff has pleaded a fundamental failure to provide *an education*, such as a failure to provide the requisite "days/hours to complete a prescribed course of study," *Wickstrom v. N. Idaho Coll.*, 111 Idaho 450, 452 n.1 (1986) (cited by *Gupta*, 239 Conn. at 592), or when Creighton University allowed a basketball player to graduate with a fourth-grade reading level, *Ross v. Creighton*, 957 F.2d 410 (7th Cir. 1992).  Plaintiff does not allege anything like that: he alleges that online education he received during a portion of the Spring 2020 semester or the partially on-line education he chose to enroll in and continues to receive in Fall 2020 is just not as good as fully in-person education, and that he should thus receive a refund. He does not say that he learned nothing online, or could not have learned anything online, or that the online education left him fundamentally uneducated. He alleges a diminished experience, not a fundamentally failed experience.[1]

Finally, Plaintiff certainly does not allege bad faith. Rather, he repeatedly acknowledges that Yale's actions were warranted in the interest of public health.

Beyond the *Gupta* argument, which requires dismissal of the Complaint in its entirety, Yale also asserted additional pleading failures.  Plaintiff has not even addressed those.

To be sure, a few courts have denied motions to dismiss in other Covid-related tuition refund cases. But none of those decisions (two district court cases from Florida and several state

---

[1] Plaintiff also erroneously asserts that Yale's motion to dismiss impermissibly denies alleged facts. Dkt. # 42 at 6-7. What he characterizes as denials are legal arguments that his allegations fail to satisfy the plausibility standards required by *Iqbal* and *Twombly*.

3

court cases in the Midwest) involved Connecticut's *Gupta* doctrine. And none of those decisions involved Yale's clear contractual language granting it the discretion to determine whether to provide a refund and, if so, how much. Moreover, other federal judges closer to home have dismissed Covid-19 tuition reimbursement suits. *See, e.g., Satam v. Northeastern University*, No. 1:20-cv-10915-RGS, Dkt. #40 (D. Mass. Nov. 6, 2020); *Tran v. Boston University*, 1:20-cv-10827-RGS, Dkt. 40 (D. Mass. Nov. 4, 2020); *Zhao v. CIEE, Inc.*, No. 2:20-cv-00240(LEW), 2020 WL 5171438 (D. Me. Aug 31, 2020); *Chong v. Northeastern University*, No. CV 20-10844, 2020 WL 5847626 (D. Mass. Oct. 1, 2020). The fact that some courts have granted motions to dismiss and others have denied them does not mean that discovery should proceed immediately while this Court determines whether to dismiss. If anything, the difference of opinion should give pause, and militates in favor of a brief stay.

Most federal courts receiving a motion to stay in a Covid-19 tuition reimbursement suit have granted them. Plaintiff cites several cases in which a court purportedly denied motions to stay, but he misrepresents one and overstates others. Michel cites *Marbury v. Pace University*, No. 20-cv-03210, Dkt. #37 (S.D.N.Y.). There, Pace asked for a stay of discovery, saying it intended to move for judgment on the pleadings. Judge Furman denied that stay without prejudice, inviting Pace to renew it after filing the motion. Pace quickly did so, and the Court promptly granted the stay. *Id.* at Dkt. #42. Otherwise, Plaintiff cites only docket entries or distinguishable cases. For example, in *Young v. Liberty University, Inc.*, Case No. 1:20-cv-05742-LGS, ECF #20 (S.D.N.Y. Oct. 13, 2020), the court denied a motion to stay pending a pre-motion letter to the court, before the grounds for dismissal could be analyzed; the plaintiff then voluntarily dismissed the case, so the court never considered the stay in light of the potential merits of the motion to dismiss. Likewise, in *Zagoria v. New York University*, No. 1:20- cv-03610, ECF #37 (S.D.N.Y. Aug. 11, 2020), the court granted the

4

defendant's motion to stay discovery permitting only discovery objections to be filed and staying other discovery; the court did not deny a stay pending ruling on a motion to dismiss.[2]

*Second*, Yale has shown that immediate discovery would cause needless burden. As Yale's opening brief explained, transitioning to online instruction was a complicated decision that involved multiple stakeholders, coordination with state and local officials, and coordination across the Yale community. Michel will likely seek wide-ranging discovery, all the wider because he purports to represent every student in any of Yale's undergraduate, graduate, and professional schools, in both the Spring 2020 and Fall 2020 semesters. Yale's different schools had their own communications—internal and external—about the continuity of education and the transition to online learning during the pandemic. Even if this Court did not dismiss the suit in its entirety (which Yale believes it must), it should, at a minimum, dismiss Plaintiff's claims on behalf of non-undergraduate students and claims seeking tuition reimbursement for the Fall 2020 semester. Dkt. #40 at 27. Such a decision would significantly narrow the scope of discovery (although the remaining discovery would still be expansive). By contrast, allowing Michel to proceed immediately with discovery—on behalf of any Yale student who enrolled in any of Yale's schools in either of the last two semesters—would create an enormous burden at a time of great difficulty, when Yale confronts the threat of a second wave of the pandemic coming fast.

*Third*, Plaintiff will suffer little if any prejudice. Delay would be short, as the parties will finish briefing the motion to dismiss early next month. Moreover, as Michel seeks damages, not an injunction, delay is not inherently prejudicial. Though he implies otherwise, Plaintiff is free to decide whether or not to attend Yale in Spring 2021. His pleadings make plain that he understands

---

[2] Yale cited eight Covid-19 cases staying discovery. Plaintiff points out that only five of those were contested, but all that proves is that multiple plaintiffs' counsels agreed that a stay was reasonable given the significant legal issues to be resolved.

what changes the pandemic has wrought, and he—like all the rest of us—knows now that nothing is certain. If he does not want to take online classes, or to take on the risk that he may need to take online classes, he can pause his education, or find an institution that explicitly guarantees in-person instruction. Waiting a few weeks to serve discovery—if his suit survives the motion to dismiss—does not alter those choices, and it does not constitute prejudice.

## CONCLUSION

Defendant's motion to stay should be granted.

Respectfully submitted,

*/s/ Jonathan M. Freiman*
Jonathan M. Freiman (ct24248)
Kim E. Rinehart (ct24427)
Benjamin M. Daniels (ct29713)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
PO Box 1832
New Haven, CT 06508-1832
jfreiman@wiggin.com
krinehart@wiggin.com
bdaniels@wiggin.com
Tel.: (203) 498-4400
Fax: (203) 782-2889