## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JONATHAN MICHEL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>YALE UNIVERSITY,<br><br>Defendant. | No. 3:20-cv-01080-JCH |

## **RULE 26(f) REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed. R. Civ. P. 16(b), 26(f), and D. Conn. L. Civ. R. 16, and this court's orders extending the deadline to file this report, the parties held conferences on October 6, October 21 and December 14, 2020. The participants (on the various conferences) were Yve Golan and Jim Francis for Plaintiff Jonathan Michel, and Kim Rinehart and Benjamin Daniels for Defendant Yale University.

### I.     CERTIFICATION

Undersigned counsel (after consultation with their clients) certify that (a) they have discussed the nature and the basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and (b) have developed the following proposed case management plan. Counsel further certify that they will share this report with their clients.

### II.     JURISDICTION

#### A. Subject Matter Jurisdiction

This Court has jurisdiction over the subject matter presented because the allegations satisfy

Case 3:20-cv-01080-JCH   Document 51   Filed 12/14/20   Page 2 of 11

the requirements of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109- 2, 119 Stat. 4 (2005) insofar as Plaintiff alleges he is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

### B. Personal Jurisdiction

Personal jurisdiction is not contested.

### III. BRIEF DESCRIPTION OF CASE

### A. Claims of Plaintiff

Plaintiff Jonathan Michel is an undergraduate student at Yale University. Plaintiff brings this case on behalf of a putative class of undergraduate and graduate students who attended Yale University during the Spring 2020 semester and/or subsequent semesters during which all or a portion of classes were taught on-line. Plaintiff claims that he and the Class were overcharged by Yale for in-person classes and an in-person campus experience when Yale only delivered remote attendance at best. Plaintiff seeks damages for the amount of the overcharges on behalf of all Class members. Plaintiff asserts causes of action sound in breach of contract, unjust enrichment and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). This summary is not intended to be a comprehensive discussion of Plaintiff's claims. A more comprehensive outline of Plaintiff's allegations, claims and support for such claims is set forth in Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint, as well as the Amended Complaint itself. ECFs 46, 37.

### B. Defendant's Defenses

Yale believes Plaintiff's claims are without merit. First, Yale contends that all of Plaintiff's claims are, at their essence, educational malpractice claims barred by the *Gupta*

2

doctrine. Second, Plaintiff points to no contract provision entitling him to an-person education regardless of the public health circumstances. The undergraduate regulations upon which Plaintiff relies contradict his claims, providing Yale with the discretion to determine whether to provide a refund, and for how much, and Yale properly exercised this discretion by providing a pro rata refund of amounts attributable to room and board but not for tuition, as classes were still being provided and associated costs incurred. Additionally, for the Fall 2020 semester and any subsequent semester impacted by the pandemic, Yale made clear that many classes would continue to be taught on-line and Plaintiff and all putative class members were aware of this when they chose to enroll and pay tuition. Third, Plaintiff's unjust enrichment claim fails for additional reasons, including that there is nothing unjust about Yale's conduct nor was their enrichment. Fourth, Plaintiff's CUTPA claim fails for additional reasons, including that Yale's choice to shift to on-line education is outside the scope of CUTPA, and there is nothing unfair or deceptive about Yale's conduct. Yale also contends that class treatment is inappropriate for numerous reasons, including that individual issues predominate. This summary is not meant to be a comprehensive discussion of the Defendant's positions and Defendant reserves the right to plead additional defenses in its answer should this litigation proceed beyond the resolution of its Motion to Dismiss.

## IV. STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. While the parties have not yet been able to agree on which if any facts may be undisputed, the parties have agreed to revisit these determinations on a continual basis in the interest of promoting a just, speedy, and inexpensive determination of this action.

## V. CASE MANAGEMENT PLAN

### A. Initial Disclosures

The parties request a modification of the timeline for Rule 26(a) initial disclosures and request that such disclosures be served on or before January 31, 2021.

### B. Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b) and, if one is held, would prefer that any such conference be held via telephone or videoconference.

### C. Early Settlement Conference

The parties certify that they have considered the desirability of attempting to settle the case before undertaking any significant discovery or motion practice. Settlement is unlikely at this time.

The parties do not request an early settlement conference, but if the Court is inclined to order the parties to negotiate, the parties request that they be permitted to attend private mediation. The parties also do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

### D. Joinder of Parties and Amendment of Pleadings

Plaintiff has already amended his complaint on October 16, 2020. Any further motion will be subject to the standards under Rule 15(a)(2).

Defendants shall be allowed until 30 days after the Court rules on their motion to dismiss to answer the Complaint. Any request to amend the pleadings or join parties after that date will be subject to the standards under Rule 15(a)(2).

### E. Discovery

Recognizing the precise contours of the case, including the amounts of damages at issue,

if any, may not be clear at this point in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1), and the sequencing of discovery in making the proposals below.

### i. Anticipated Scope of Discovery

Plaintiff anticipates discovery on the following subjects, among others. This listing of topics does not indicate that Plaintiff agrees with Defendant's identified topics, and, will not preclude Plaintiff from asserting objections to specific discovery requests, as appropriate, or to amending this list:

i. Defendant's tuition policies and rate structure for both full-time and in person attendance and on-line classes prior to and subsequent to Yale's closure due to the Covid-19 pandemic;

ii. Defendant's marketing plan and materials used in recruiting prospective students for academic years 2018-2019, 2019-2020, and 2020-2021, including but not limited to webpages, brochures, press releases, tour guide scripts, materials from college fairs and other information sessions, videos, online postings, blogs, or social media presence.

iii. Defendant's Student Handbooks, guidelines, and any and all additional rules and regulations sent to new students for academic years 2018-2019, 2019-2020, and 2020-2021.

iv. Defendant's Course Catalogs for academic years 2018-2019, 2019-2020, and 2020-2021.

v. Defendant's communications with state or local officials in February and March 2020 related to, reflecting, or regarding the Covid-19 pandemic, internal

       communications reflecting same, and communications with other universities reflecting same.

vi. Information related to, reflecting, or regarding Defendant's March 2020 decision to move classes online and close the campus to students, along with any related or attendant financial considerations.

vii. Information shared between Defendant and other universities related to, reflecting, or regarding the March 2020 decision to move classes online and close the campus to students.

viii. Information related to, reflecting, or regarding the economic impact of the university's cost of operations of the March 2020 decision to move classes online and close the campus to students, including but not limited to those documents reflecting savings from lower overhead, lower staffing and policing requirements, lower maintenance and upkeep costs, etc.

ix. Information related to, reflecting, or regarding Defendant's decision not to offer partial tuition refunds and/or other refunds or reimbursements for the Spring 2020 and Fall 2020 semesters.

x. Information relating to how Defendant set its reduced pricing for online classes prior to and after the Covid-19 campus closure and its considerations for doing so.

Defendant anticipates discovery on the following subjects, among others. This listing of topics does not indicate that Defendant agrees with Plaintiff's identified topics, and, will not preclude Defendant from asserting objections to specific discovery requests, as appropriate, or to amending this list:

i. Plaintiff's and putative class members' pre- and post-admission interactions and communications with Defendant and its personnel

ii. Plaintiff's and putative class members' pre- and post-admission interactions and communications with third parties regarding Defendant

iii. Documents Plaintiff and putative class members contend form the contract with Yale

iv. Plaintiff's and putative class members' participation in activities as a member of the Yale community during their time at Yale.

v. Plaintiff's and putative class members' activities during the Spring 2020 academic term and subsequent terms

vi. Plaintiff's and putative class members' financing or financial aid for his/their education at Yale

vii. Plaintiff's and putative class members' communications with the school regarding student requests to leave or remain on campus for Spring 2020 semester

viii. Plaintiff's and putative class members' decision whether to return to campus for the Fall 2020 semester and subsequent semester

ix. Plaintiff's and putative class members' expectations and intended course experience and use of university services

x. Orders, direction, guidance, and the like issued by federal, state and local officials with respect to COVID-19

xi. Issues pertaining to class certification if class action claims remain in the case, including but not limited to the ascertainability of the proposed class, the commonality (or lack thereof) of the plaintiffs' claims, the typicality (or lack

thereof) of the plaintiffs' claims, the plaintiffs' adequacy to serve as proposed class representatives, the adequacy of plaintiffs' counsel to serve as counsel for the proposed class, whether common issues of law or fact predominate over individual issues, and whether a class action would be superior to other methods of adjudication.

### ii. Discovery Period

The Parties request that discovery commence after January 1, 2021 and conclude by March 25, 2022. While this period is lengthier than in a typical case, this case is a complex class action involving thousands of class members and alleging claims involving Yale's undergraduate, graduate and professional schools. It may also require discovery of government officials in connection with their pandemic-related orders. Accordingly, the parties believe that the timeline proposed is reasonable and necessary to adequately litigate the case. The parties propose the following sequencing of discovery:

| Type of Discovery | Commencement Date | Completion Date |
| --- | --- | --- |
| Written Discovery | January 1, 2021 | August 31, 2021 |
| Fact Witness Depositions | January 1, 2021 | December 31, 2021 |
| Plaintiff's Expert(s) | -January 14, 2022 Plaintiff to disclose expert(s) and provide report(s)<br><br>-Plaintiff's rebuttal expert report, if any, due by February 25, 2022 | March 11, 2022 Defendant to complete deposition of plaintiff's expert(s) |
| Defendant's Expert(s) | February 11, 2022<br><br>-Defendant to disclose expert(s) and provide report(s) | March 25, 2022 Plaintiff to complete deposition of defendant's expert(s) |

The parties have not requested a bifurcation between merits and class discovery. The parties agree to work together cooperatively to reduce the burden of class discovery, including

by seeking to agree to reasonable sampling protocols with respect to class discovery.

### iii. Interrogatories

At this time, the parties do not anticipate that they will request permission to serve more than 25 interrogatories. The parties agree to meet and confer should the demands of the case identify a need for more than 25 interrogatories.

### iv. Depositions

At this time, the parties do not anticipate that either of them will require more than 10 depositions of fact witnesses. The parties agree to meet and confer should the demands of the case identify a need for more than 10 depositions by any party.

### v. Damages Analysis

Plaintiff will provide a damages analysis by December 31, 2021.

### F. Dispositive Motions and Class Certification

Any motion for class certification shall be filed no later than April 28, 2022. Defendant's opposition shall be due forty-five (45) days later, and any reply by the Plaintiff would be due thirty (30) days thereafter. This provision does not prevent the filing of motion for class certification at an earlier date.

Any dispositive motion shall be filed no later than 30 days after the Court's resolution of class certification. This provision does not prevent the filing of a dispositive motion at an earlier date.

### G. Joint Trial Memorandum

A joint trial memorandum due date should be established after the Court rules on class certification (given that whether or not class certification is granted will greatly impact the length

and scope of any trial), and no earlier than 120 days after the deadline to file summary judgment motions.

## VI. TRIAL READINESS

A trial readiness date should be established after the Court rules on class certification, and no earlier than 120 days after the deadline to file summary judgment motions.

As officers of the Court, undersigned counsel agrees to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

    Respectfully submitted,

    YALE UNIVERSITY

    BY */s/ Kim E. Rinehart*
    Kim E. Rinehart (ct24427)
    Jonathan M. Freiman (ct24248)
    Benjamin M. Daniels (ct29713)
    WIGGIN AND DANA LLP
    One Century Tower
    265 Church Street
    PO Box 1832
    New Haven, CT 06508-1832
    jfreiman@wiggin.com
    krinehart@wiggin.com
    bdaniels@wiggin.com
    Tel.: (203) 498-4400
    Fax: (203) 782-2889
    *Counsel for Yale University*

    PLAINTIFF JONATHAN MICHEL

    BY:   */s/ James A. Francis*
    James A. Francis
    John Soumilas
    David A. Searles
    Edward H. Skipton
    FRANCIS MAILMAN SOUMILAS, P.C.
    1600 Market Street, Suite 2510
    Philadelphia, PA 19103
    Tel: 215-735-8600
    Fax: 215-940-8000

Email: jfrancis@consumerlawfirm.com
Email: jsoumilas@consumerlawfirm.com
Email: dsearles@consumerlawfirm.com
Email: eskipton@consumerlawfirm.com
*Pro have vice admitted*

**THE GOLAN FIRM, PLLC**
Yvette Golan
2000 M Street, N.W., Suite #750-A
Washington, DC  20036
Tel: (866) 298-4150, ext. 101
Fax: (928) 441-8250
ygolan@tgfirm.com

Sarah Poriss
Attorney at Law, LLC
777 Farmington Ave., 1st Fl.
West Hartford, CT 06119
Tel: 860-233-0336
Fax: 866-424-4880
www.sarahporiss.com
sarahporiss@prodigy.net

490\290\4823-7717-7812.v1