# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JONATHAN MICHEL, | |
| **Plaintiff,** | |
| **v.** | **Case No. 3:20-cv-01080-JCH** |
| **YALE UNIVERSITY,** | |
| **Defendants.** | |
| | **March 17, 2021** |

## DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Yale University ("Yale") submits this notice alerting the Court to several

recent decisions dismissing claims that colleges and universities transitioning to remote learning

during the COVID-19 pandemic broke contractual promises to provide in-person learning or

were unjustly enriched by the transition to remote learning. While this case turns on Connecticut

law, and the recent decisions turn on the law of other jurisdictions, Plaintiff submitted a

supplemental authority letter pointing to cases decided in other jurisdictions. Yale submits this

letter to ensure the Court has a more complete picture of the recent trend in decisions over the

last two months.

Below are five decisions, involving claims brought against nine colleges and universities.

All granted, in whole or in part, motions to dismiss tuition-reimbursement claims like those here:

- In *Burt v. Board of Trustees of the University of Rhode Island,* No. 20-465 JJM-LDA, 2021 WL 825398 (D.R.I. March 4, 2021) (McConnell, C.J.), the court issued a consolidated decision in five lawsuits brought against four universities in Rhode Island—Brown University, the University of Rhode Island, Johnson & Wales University, and Roger Williams University. The court held that no university made a specific and enforceable promise to provide in-person, on-campus instruction, rejecting plaintiffs' invocations of marketing materials, course catalogues promising "'hands-on' instruction in particular campus

buildings," handbooks, and brochures. *Id*. at *5. The decision also dismissed unjust enrichment and conversion claims, but allowed claims seeking partial reimbursement of some specific activity fees to go forward.

- *In re Columbia Tuition Refund Action*, No. 20-CV-3208 (JMF), 2021 WL 790638 (S.D.N.Y. Feb. 26, 2021) (Furman, J.), resolved motions to dismiss in separate cases brought against Columbia University and Pace University. The court dismissed the claims against Columbia relating to online instruction "because [plaintiffs] fail[ed] to plead any specific promise by Columbia to provide exclusively in-person instruction." *Id*. at *3. The court rejected the plaintiffs' reliance on "syllabi, departmental policies and handbooks, and [an] online course registration portal" that listed the time and place for classes; it also rejected reliance on various Columbia publications describing an "on-campus experience." *Id.* By contrast, the court allowed tuition-reimbursement claims against Pace University to proceed due to the more specific contractual promises allegedly made there. *Id.* at *5. The court allowed claims for partial reimbursement of specific activity and facility fees to proceed in both cases, noting allegations of specific contractual promises linking the fees to on-campus conduct.

- In *Oyoque v. DePaul University*, No. 20 C 3431, 2021 WL 679231 (N.D. Ill. Feb. 21, 2021) (Kennelly, J.), the court held that the plaintiffs failed to allege that DePaul had made "specific promises" to provide an in-person education, despite general or aspirational language mentioning on-campus instruction in the university's academic catalogue, student handbooks, and marketing materials. *Id*. at *5. The court therefore dismissed the contract claims as well as the unjust enrichment claims.

- In *Hassan v. Fordham University,* No. 20-CV-3265 (KMW), 2021 WL 293255 (S.D.N.Y. Jan. 28, 2021) (Wood, J.), the court dismissed tuition and fee reimbursement claims, despite general language mentioning in-person instruction in the course catalogue, marketing materials, and handbooks. The court noted that the "course catalogue contains informational guidance regarding, for example, a course's instructor, location, and schedule. But there are no express statements promising that these aspects of a course were not subject to change." *Id.* at *6. And the other statements were "more akin to general statements of policy than to specifically designated and discrete promises regarding the incidents of the forthcoming education." *Id.* (internal quotation marks omitted).  The court also dismissed claims of conversion and unjust enrichment.

- In *Gociman v. Loyola University of Chicago*, No. 20 C 3116, 2021 WL 243573 (N.D. Ill. Jan. 25, 2021) (Gettleman, J.), the plaintiffs asserted that online instruction was "'worth less' than the traditional in-person instruction." *Gociman*, 2021 WL 243573, at *3. The court dismissed the breach of contract and unjust enrichment claims for tuition and fees with prejudice, recognizing that "resolution of Plaintiffs' claims would require the Court to make judgments about the quality and value of the education [defendant] provided"—and therefore the claims were barred by Illinois's educational malpractice rule. *Id.* (quotation and citation

omitted).  The court also held that plaintiffs' contract claims failed because they did not allege a "specific promise for in-person instruction" based on statements in the court catalogue mentioning on-campus instruction. *Id*. at *4 (quotation and citation omitted).

Dated:  March 17, 2021

**DEFENDANT YALE UNIVERSITY**

*/s/ Jonathan Freiman*

Jonathan M. Freiman (ct24248)
Kim E. Rinehart (ct24427)
Benjamin M. Daniels (ct29713)
Wiggin and Dana LLP
One Century Tower
265 Church Street
PO Box 1832
New Haven, CT 06508-1832
jfreiman@wiggin.com
krinehart@wiggin.com
bdaniels@wiggin.com
Tel.: (203) 498-4400
Fax: (203) 782-2889

*Counsel for Defendant*

490\290\4823-6517-6287.v1