UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JONATHAN MICHEL,<br><br>       Plaintiff,<br><br>v.<br><br>YALE UNIVERSITY,<br><br>       Defendants. | Case No. 3:20-cv-01080-JCH<br><br>May 5, 2021 |

## DEFENDANT'S FIFTH NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Yale University submits this notice to bring to the Court's attention a recent decision relevant to the issues addressed in the pending motion to dismiss. In *Hickey v. University of Pittsburgh*, No. 20-cv-690, 2021 WL 1630579, at *5 (W.D. Pa. Apr. 27, 2021) (attached as Ex. A), the plaintiffs argued "that the online education they received once the University transitioned to remote instruction in response to the COVID-19 pandemic was 'subpar to in-person instruction,' and it failed to provide the quality of education, services, and facilities for which tuition and fees were paid." *Id.* at *4. The plaintiffs there asserted that "the University used its websites, promotional materials, circulars, admission papers, and publications to represent the benefit of the integral on-campus educational experience," and that "these depictions and representations of student life created a certain expectation of the type of college experience that they would receive in return for their tuition and fees." *Id*.

Applying Pennsylvania law, the court dismissed plaintiffs' claims in their entirety. It found no specific contractual promise of in-person classes and rejected plaintiffs' claim "that the depictions and descriptions of student life that the University published" create an implied

contract. 2021 WL 1630579, at *5. The court held that the university publications to which plaintiffs pointed

> offered nothing more than a generalized and non-specific impression of typical student life. Even in normal times, however, those materials offer only a subjective view of what campus life *may* be. It goes without saying that each student's experience will be different. Plaintiffs had no enforceable right to an experience similar to those depicted in the University's materials. The University as much as its students had to pivot and change to adapt to circumstances unforeseen by everyone only weeks and days before the COVID-19 mitigation measures were imposed. Plaintiffs were, nevertheless, given the chance to complete their semester and earn college credits.

*Id*. Therefore, the court held, "there was no breach of an implied in fact contract." *Id*.

The court also rejected the unjust enrichment claim, both because a contract governed the tuition and fee issue, 2021 WL 1630579, at *5, and because

> [t]he University continued to provide instruction to students throughout the Spring 2020 semester. Despite the challenges presented by the COVID-19 pandemic, and while complying with the mandates issued by the [state], students of the University continued to receive an opportunity to earn academic credits. Even without the ability to experience courses and extracurriculars in person, even though their college experience was different than they anticipated (as 2020 was for every American), Plaintiffs ultimately continued to receive education and earn credits from a top-tier institution. That is what they paid for.

*Id. * 6.

**DEFENDANT YALE UNIVERSITY**

*/s/ Jonathan Freiman*

Jonathan M. Freiman (ct24248)
Kim E. Rinehart (ct24427)
Wiggin and Dana LLP
One Century Tower
265 Church Street
PO Box 1832
New Haven, CT 06508-1832
jfreiman@wiggin.com
krinehart@wiggin.com
Tel.: (203) 498-4400
Fax: (203) 782-2889

*Counsel for Defendant*

490\291\4835-1773-6936.v1