**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JONATHAN MICHEL,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>YALE UNIVERSITY,<br><br>　　　　　　　　Defendant. | Case No. 3:20-cv-01080-JCH<br><br>September 20, 2021 |

### YALE UNIVERSITY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

Defendant Yale University ("Yale" or "Defendant"), by and through its attorneys, hereby answers Plaintiff's Second Amended Class Action Complaint ("SAC") (ECF No. 80) and asserts its affirmative defenses as follows.  Except for the specific allegations or portions of allegations expressly admitted to below, Yale denies each and every other allegation, portion of allegation, and characterization of facts in the SAC, and specifically denies any and all wrongdoing or liability to Plaintiff and members of the purported class of persons on whose behalf the SAC is said to be brought.  To the extent a response is required to the table of contents, headings, titles, added emphases, footnotes, and any unnumbered paragraphs in the SAC, Yale denies any and all allegations contained therein.

### NATURE OF THE CASE

1. Admitted.

2. Admitted, except denied as to Plaintiff's characterization that Yale canceled classes or other services, when it instead altered the format.

3. The allegations contained in Paragraph 3 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the conclusions as characterized.

4. Defendant denies the allegations in Paragraph 4. Allegations contained in Paragraph 4 also state legal conclusions to which no response is required. To the extent a response is required, Defendant denies them.

5. The allegations contained in Paragraph 5 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the conclusions as characterized.

6. The allegations of Paragraph 6 are denied, except to the extent that it admits that some effects of the COVID-19 crisis are shared by all individuals and institutions across the country.

7. The allegations contained in Paragraph 7 state legal conclusions to which no response is required. To the extent that the allegations in Paragraph 7 require a response, they are denied.

## JURISDICTION AND VENUE

8. Defendant denies the allegations in Paragraph 8. Defendant denies that the SAC may be maintained as a class action and that the amount in controversy exceeds five million dollars exclusive of interest and costs.

9. The allegation in Paragraph 9 states a legal conclusion to which no response is required.

10. The allegations in Paragraph 10 state legal conclusions to which no response is required.

**PARTIES**

11.     Defendant admits the allegations in Paragraph 11, and admits that Plaintiff came to Yale from Ohio, but lacks knowledge or information sufficient to form a belief as to whether Plaintiff is a citizen of Ohio.

12.     Defendant admits the allegations in Paragraph 12.

**FACTUAL ALLEGATIONS**

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's expectations or the expectations of "students like Plaintiff" and therefore denies them.

14.     Defendant denies that it promises an experience as characterized by the allegations in Paragraph 14, but admits that generally education has historically been provided in person at Yale.

15.     Defendant denies the allegations in Paragraph 15.

16.     Defendant denies the allegations in Paragraph 16.  To the extent that the allegations in Paragraph 16 quote from the Handbook for Instructors of Undergraduates in Yale College, the handbook speaks for itself and is the best evidence of the language contained therein.  To the extent that the allegations characterize the language and/or contents of the handbook, the allegations are denied.

17.     To the extent that the allegations in Paragraph 17 quote from the Yale website, the website speaks for itself and is the best evidence of the language contained therein.  To the extent that the allegations characterize the language and/or contents of the handbook, the allegations are denied.

18.     Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19 to the extent that they do not consider the degree programs that Yale has historically offered online.

20. Defendant denies the allegations in Paragraph 20.

21. To the extent that the allegations in Paragraph 21 quote from the Yale Faculty Handbook, the handbook speaks for itself and is the best evidence of the language contained therein. To the extent that the allegations characterize the language and/or contents of the handbook, the allegations are denied.

22. Defendant admits the allegations in Paragraph 22.

23. The allegations in the first sentence of Paragraph 23 state legal conclusions to which no response is required. With regard to the second sentence of Paragraph 23, Defendant admits that it received the amounts it requested for tuition and fees (which were paid not by Plaintiff but by a third party), and denies the implication that Plaintiff paid the posted cost of tuition and fees.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant admits the allegations in Paragraph 25.

26. Defendant admits the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant admits to the dates of the announcements in Paragraph 28 but otherwise denies the allegations.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. To the extent that the allegations in Paragraph 31 purport to represent the contents of a Yale website, the website speaks for itself and is the best evidence of the language contained therein. Defendant otherwise denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32 because the amount that students pay for tuition or fees depends on their financial aid award and because some programs have all tuition covered by fellowships or scholarships; Defendant admits that the tuition cost before any applicable financial aid, fellowships, or scholarships, etc., for tuition and fees is tens of thousands of dollars; Defendant admits that the posted tuition and fees are listed in Exhibits 2 and 3; Defendant denies the characterizations of Exhibits 2 and 3 as they omit critical information necessary to make the information contained in the exhibits not misleading; and Defendant denies that all students paid the amount listed as tuition and fees in each school.

33. Paragraph 33 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations, including the allegation that Yale made a promise of a complete in-person and on-campus undergraduate educations experience.

34. Paragraph 34 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations and characterization that Yale canceled any classes, services, or activities.

35. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 35.

36. Defendant admits that the average cost of obtaining the credit hours needed to graduate from Yale College would be greater than $1500/credit hour based on posted tuition costs and an average course load of 36 credit hours per year, but denies the allegation to the extent it is characterized as the cost of an "in-person" education and the comparison to another institution; Defendant also denies the allegation to the extent it implies that the average cost of a Yale College credit hour is greater than $1500 when factoring in financial aid. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the other allegations in Paragraph 36.

37.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 37.

38.     Defendant denies that in any for-credit degree-granting program offered by Yale, there is any price differential between courses taught in person and courses taught remotely. Defendant admits that the cost of the live, online version of the Women's Leadership Program was $4,950 in March 2020 (a price that did not include housing, transportation or meals), but denies the non-credit course was offered before March 2020. Yale admits that the cost of the in-person, on-campus version of the Women's Leadership Program, also a non-credit course, was $7,000 the last time it occurred, in February 2020—a price that included housing, transportation and meals. Yale otherwise denies the allegations in Paragraph 38, including the allegation that the non-live, online course (also a non-credit course) is a "version of the same program," as it featured fewer faculty members and had a different focus than the live online course or the live in-person course.

39.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 39.

40.     Defendant denies the allegations in Paragraph 40, except admits that most learning transitioned to remote instruction after March 2020 and that Defendant did not provide tuition and fee refunds.

41.     Defendant admits that it did not offer tuition refunds, but otherwise denies the allegations in Paragraph 41. As to the allegations related to other institutions, Defendant lacks knowledge or information sufficient to form a belief.

42.     Paragraph 42 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

43. Paragraph 43 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

44. Defendant lacks knowledge or information sufficient to form a belief as to the reason Plaintiff and members of the purported class paid tuition, and otherwise denies the allegations in Paragraph 44.

45. Defendant lacks knowledge or information sufficient to form a belief as to what Plaintiff and members of the purported class chose. Defendant otherwise denies the allegations in Paragraph 45 to the extent they relate to the Fall 2020 and Spring 2021 semesters. Defendant denies that the SAC may be maintained as a class action.

46. To the extent that the allegations in Paragraph 45 purport to represent the contents of an article by Eric P. Bettinger, the article speaks for itself and is the best evidence of the language contained therein. Defendant therefore denies the allegations in Paragraph 46.

47. Defendant denies the allegations of Paragraph 47.

48. Defendant denies the allegations in Paragraph 48. To the extent they refer to other institutions, Defendant lacks knowledge or information sufficient to form a belief as to truth of the allegation.

49. The allegations in Paragraph 49 state legal conclusions to which no response is required. To the extent a response is required, they are denied. Defendant denies that the SAC may be maintained as a class action. Defendant lacks information and belief sufficient to admit or deny why Plaintiff seeks what he says he seeks.

50. Defendant admits the allegations in Paragraph 50.

51. To the extent that the allegations in paragraph 51 quote from the Yale University website, the website speaks for itself and is the best evidence of the language contained therein.

To the extent that the allegations in Paragraph 51 characterize the language and/or contents of the article, the allegations are denied. The allegations in Paragraph 51 also state legal conclusions to which no response is required. To the extent a response is required, they are denied.

52. The allegations in Paragraph 52 state legal conclusions to which no response is required. To the extent a response is required, they are denied.

53. Defendant admits to the allegations in Paragraph 53, except to the extent the allegations can be characterized as Yale denying the existence of a contractual relationship between it and Plaintiff.

54. Defendant denies the allegations in Paragraph 54.

55. The allegations in Paragraph 55 state legal conclusions to which no response is required. To the extent a response is required, they are denied.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 58.

## **CLASS ACTION ALLEGATIONS**

62. Defendant denies that the SAC may be maintained as a class action. The allegations in Paragraph 62 also state legal conclusions to which no response is required. To the extent a response is required, they are denied.

63. Defendant denies that the SAC may be maintained as a class action. The allegations in Paragraph 63 also state legal conclusions to which no response is required. To the extent a response is required, they are denied.

64. Defendant denies that the SAC may be maintained as a class action. The allegations in Paragraph 64 also state legal conclusions to which no response is required. To the extent a response is required, they are denied.

65. Defendant denies that the SAC may be maintained as a class action. The allegations in Paragraph 65 also state legal conclusions to which no response is required. To the extent a response is required, they are denied.

66. Defendant denies that the SAC may be maintained as a class action. The allegations in Paragraph 66 also state legal conclusions to which no response is required. To the extent a response is required, they are denied.

67. Defendant denies that the SAC may be maintained as a class action. The allegations in Paragraph 67 also state legal conclusions to which no response is required. To the extent a response is required, they are denied.

68. Defendant denies that the SAC may be maintained as a class action. The allegations in Paragraph 68 also state legal conclusions to which no response is required. To the extent a response is required, they are denied.

69. Defendant denies that the SAC may be maintained as a class action. The allegations in Paragraph 69 also state legal conclusions to which no response is required. To the extent a response is required, they are denied.

### COUNT I: UNJUST ENRICHMENT

70. Defendant denies the allegations in Paragraph 70.  Defendant denies that the SAC may be maintained as a class action.

71. The allegations in Paragraph 71 contain legal conclusions to which no response is required.

72. Defendant denies the allegations in Paragraph 72.

73. The allegations in Paragraph 73 contain legal conclusions to which no response is required.

74. Defendant denies the allegations in Paragraph 74.

75. Defendant denies the allegations in Paragraph 75.

76. Defendant denies the allegations in Paragraph 76.

77. The allegations in Paragraph 77 contain legal conclusions to which no response is required.

78. Defendant denies the allegations in Paragraph 78.

## COUNT II:  PROMISSORY ESTOPPEL

79. Defendant denies the allegations in Paragraph 79.  Defendant denies that the SAC may be maintained as a class action.

80. The allegations in Paragraph 80 contain legal conclusions to which no response is required.

81. Defendant denies the allegations in Paragraph 81.

82. Defendant lacks knowledge or information sufficient to form a belief as to what Plaintiff and members of the purported class were influenced by.  The allegations in Paragraph 82 also contain legal conclusions to which no response is required.  To the extent a response is required, they are denied.

83. Defendant denies the allegations in Paragraph 83.

84. Defendant lacks knowledge or information sufficient to form a belief as to what resources Plaintiff and members of the purported class expended. The allegations in Paragraph 84 also contain legal conclusions to which no response is required. To the extent a response is required, they are denied.

85. Defendant lacks knowledge or information sufficient to form a belief as to what opportunities Plaintiff and members of the purported class forewent. The allegations in Paragraph 85 also contain legal conclusions to which no response is required. To the extent a response is required, they are denied.

86. Defendant lacks knowledge or information sufficient to form a belief as to what Plaintiff and members of the purported class contemplated when they chose to attend Yale, and therefore denies these allegations.

87. The allegations in Paragraph 87 contain legal conclusions to which no response is required.

88. Defendant denies the allegations in Paragraph 88.

## ANSWER TO PRAYER FOR RELIEF

Defendant denies that Plaintiff or any members of the purported class are entitled to a judgment and/or any relief requested in the Prayer for Relief set forth in the SAC. Defendant further denies that the SAC may be maintained as a class action. Defendant further denies that Plaintiff and/or any members of the purported class on whose behalf the SAC is said to be brought are entitled to any award of damages, any costs or expenses of this litigation, any attorney's fees, any pre- or post-judgment interest, or any other relief of any kind.

## ANSWER TO JURY DEMAND

Plaintiff's request for a trial by jury does not require a response from Defendant.

## AFFIRMATIVE DEFENSES

Defendant raises the following defenses and affirmative defenses without waiver of any others that may be available to it.  Defendant specifically reserves the right to raise any additional defenses and affirmative defenses at any time during the pendency of these proceedings, including any and all which may come to light through discovery or otherwise.  In alleging these defenses and affirmative defenses, Defendant does not assume any burden of proof, persuasion, or production not otherwise legally assigned it.

## FIRST DEFENSE

Plaintiff's claims are barred in whole or in part by an express contract governing the allegations of the SAC.  The relationship between a university and its students is contractual by law, and a school's bulletins are considered to be a part of the contract.  The undergraduate bulletin, also known as the Yale College Program of Study, expressly governs Plaintiff's claims, and it states that: "Certain events that are beyond the University's control may cause or require the interruption or temporary suspension of some or all services and programs customarily furnished by the University.  *These events include, but are not limited to, epidemics or other public health emergencies*; storms, floods, earthquakes, or other natural disasters; war, terrorism, rioting, or other acts of violence; loss of power, water, or other utility services; and strikes, work stoppages, or job actions.  *In the face of such events, the University may, at its sole discretion, provide substitute services and programs or appropriate refunds*.  The decision to suspend services and programs shall be made at the sole discretion of the University."  Yale College Program of Study, http://catalog.yale.edu/ycps/interruption-or-temporary-suspension-university-services-or-programs/ (emphasis added).  Where an express contract governs the claims, equitable relief is not

warranted.

**SECOND DEFENSE**

Plaintiff's claims are barred in whole or in part by Yale University's reservation of rights. The Yale College Program of Study, as well as the Bulletin for each school within Yale University, contains a reservation of rights clause that allows Yale to "withdraw or modify the courses of instruction . . . at any time." *See, e.g.*, Yale College Program of Study (2019-2020) at 2, https://bulletin.yale.edu/sites/default/files/ycps-2019-2020.pdf. Plaintiff entered into a contractual agreement with Yale containing this reservation of rights. Yale acted within its rights when modifying the courses of instruction in the face of the pandemic. Plaintiff cannot maintain quasi-contractual claims that seek to evade the reservation of rights that is part of his agreement with Yale.

**THIRD DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of waiver. Plaintiff waived his equitable claims when he knowingly continued to receive instruction from Yale professors and accept credits towards a degree. He also re-enrolled for the Fall 2020 and Spring 2021 semesters, fully understanding that his classes and college experience would be largely or partially remote.

**FOURTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of novation. To the extent there was any "promise" to provide an in-person education as to the Spring 2020 semester, there was a novation and Defendant clearly communicated that the Fall 2020 and Spring 2021 semesters would involve significant remote and/or hybrid instruction. When Plaintiff opted to enroll for the Fall 2020 and Spring 2021 semesters, he accepted such novation.

**FIFTH DEFENSE**

Plaintiff's promissory estoppel claim is barred by impossibility of performance. While there was no promise to provide in-person classes, even if there had been, that promise became impossible to perform after governmental orders barred in-person gatherings. Defendant took all possible actions to deliver as close to an in-person experience as possible given the impossibility of continuing in-person education and on-campus experiences.

**SIXTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel. Defendant clearly communicated that the Fall 2020 and Spring 2021 semesters would involve significant remote and/or hybrid instruction. Plaintiff knew whether and when he would be allowed to live on campus. Plaintiff nevertheless opted to enroll for the Fall 2020 and Spring 2021 semesters. Plaintiff cannot take advantage of his own decision to enroll in the 2020-2021 school year and is estopped from claiming equitable relief.

**SEVENTH DEFENSE**

Plaintiff would be unjustly enriched if awarded any damages. Plaintiff paid or caused others to pay for his tuition in exchange for credits towards a Yale College degree. Plaintiff was benefited when he received the credits towards his degree. If Defendant were to pay Plaintiff damages, then Plaintiff would unjustly have not paid the agreed upon amount in exchange for the credits and Defendant would be detrimentally harmed.

**EIGHTH DEFENSE**

Plaintiff failed to mitigate his damages. He was not under any compulsion to enroll for Fall 2020 or Spring 2021, but chose to enroll, knowing that classes would take place at least partly remotely, knowing when he would be allowed on campus, and knowing what services would and would not be provided to him. He cannot now complain about the consequences of his choice to

enroll.

## ADDITIONAL DEFENSES

Yale has not knowingly or intentionally waived any applicable affirmative or other defense and reserves the right to rely upon such defenses as may become available or apparent. Yale further reserves the right to amend this Answer and/or its affirmative defenses accordingly, and/or to withdraw affirmative defenses that Yale determines are not applicable.

## JURY DEMAND

Yale demands a trial by jury on all issues of fact and damages stated herein except where those claims have been dismissed.

## PRAYER FOR RELIEF

Yale respectfully requests that the Court enter judgment in its favor and against Plaintiff, that Plaintiff takes nothing against Yale by his suit, and that the Court grant Yale such other and further relief as the Court deems just and proper.

Dated:  September 20, 2021

**DEFENDANT YALE UNIVERSITY**

*/s/ Jonathan Freiman*
Jonathan M. Freiman (ct24248)
Kim E. Rinehart (ct24427)
Hannah J. Blonshteyn (ct31163)
Wiggin and Dana LLP
One Century Tower
265 Church Street
PO Box 1832
New Haven, CT 06508-1832
jfreiman@wiggin.com
krinehart@wiggin.com
hblonshteyn@wiggin.com
Tel.: (203) 498-4400
Fax: (203) 782-2889

*Counsel for Defendant*

490\290\4850-6292-7867.v2