# Exhibit 33

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JONATHAN MICHEL, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>YALE UNIVERSITY,<br><br>Defendant. | Case No. 3:20-cv-01080-SALM |

**DECLARATION OF YVETTE GOLAN**
**SUPPORT OF MOTION FOR CLASS CERTIFICATION**

I, YVETTE GOLAN, declare pursuant under penalty of perjury that the foregoing is true and correct:

1. I am an attorney duly licensed to practice before all of the courts of the states of Texas, Illinois, New York, as well as federal district courts and federal appellate courts. I have been admitted in the District of Connecticut *pro hac vice* for this action. I have been practicing law for over twenty years. The following statements are based on my personal knowledge. If called to testify as a witness, I could and would competently testify thereto.

2. Along with my co-counsel, Francis Mailman Soumilas, P.C., I represent Plaintiff and the putative class in the present action. I am also counsel of record for the plaintiffs in seven other pending actions against other universities similarly alleging the wrongful retention of full tuition and fee payments given the cancellation of in-person education. *Carstairs v. Rochester Univ.*, No. 6:20-cv-06690-CJS (W.D. N.Y. filed Sept. 10, 2020); *Grant v. Chapman Univ.*, No. 30-2020-01146699-Cu-BC-CXC (Cal. Super. Ct. filed July 7, 2020); *In re Univ. S.D. Tuition Covid Refund Litig.*, No. 20-cv-1946-LAB-WVG (S.D. Cal. filed Apr. 28, 2021); *Jones v. Tulane*

1

*Univ,* No 2:20-cv-02505 (D. La. filed Dec. 21, 2020); *Polley v. Northwestern Univ.*, No. 1:20-cv-04798 (HDL) (D. Ill filed Oct. 15, 2021); *Rodrigues v. Boston College*, No. 1:20-cv-11662-RWZ (D. Mass. filed Dec. 15, 2020); *Schmidhauser v. Tufts Univ.,* No. 1:20-cv-11940-RWZ (D. Mass filed May 03, 2021).

3. I graduated Cornell Law School *magna cum laude* in 2002, whereupon I clerked for Judge J. Clifford Wallace of the Ninth Circuit Court of Appeals, in San Diego, California.

4. I continued my litigation career at the main office (Chicago) of Kirkland & Ellis LLP, where I defended large corporations in complex class actions, including multiple state-wide and national class actions against General Motors for alleged engine, coolant, and cooling system defects, W.R. Grace in asbestos class actions, and other Fortune 100 companies. In my time at Kirkland & Ellis, I took responsibility for discovering and presenting much of the complex data and evidence necessary in such litigation.

5. I then relocated to Texas, where I continued my legal work but focused my time in the business arena, particularly in the consumer products industry. I began a patent licensing and market research firm, which I eventually merged with a manufacturing and distribution company. I secured financing, manufacturing, distribution, and sales for mass consumer products to big-box retailers including CVS, Walgreen's, Wal-Mart, Target, and others In this role, I developed experience and knowledge in marketing, pricing, sourcing, distribution, and retailer networks.

6. In 2011, I returned full-time to the practice of law, forming The Golan Firm to focus on class action litigation involving false advertising. I have been a speaker at various legal conferences and industry events, including the American Bar Association's Mass Tort Conference, the National Consumer Legal Center's Annual Class Action Symposium, and the annual ExpoWest (the largest trade show in the natural and organic product industry). I have written for

legal publications, including the American Bar Association, and I play an advising role to a non-profit organization that nominates and advises on federal judicial appointments.

7. My legal practice emphasizes false advertising claims, both in private negotiations and in federal litigation. My firm and staff are highly qualified and have extensive experience in such matters, and we are at the forefront of class action litigation concerning false advertising of consumer products.

8. My legal practice also includes areas of complex class action litigation, including, *inter alia*, breach of contractual data privacy and security commitments by major software companies, and intermediate telecommunications providers' liability under the Telephone Consumer Protection Act. *See Russo et al. v. Microsoft Corp.*, 3:20-04818 (N.D. Cal.); *Mey v. All Access Telecom, Inc., et al*, 5:19-cv-00237 (N.D. W.Va.).

9. As appointed class counsel, I have successfully obtained sizable settlements in class actions. *See, e.g., In re Honest Marketing Litig.*, 16-cv-01125 (ECF 98) (noting that "Class Counsel was extremely diligent in pursuing the best possible outcome for the Class"). As class counsel, I have also obtained full sought-after advertising changes in *Janney v. General Mills, Inc.*, 12-cv-03919-WHO (N.D. Cal.); *Rojas v. General Mills, Inc.*, 12-cv-05099-WHO (N.D. Cal.); *Bohac v. General Mills, Inc.*, 12-cv-05280 (N.D. Cal.); and *Van Atta v. General Mills, Inc.*, 1:12-cv-02815-MSK-MJW (D. Co.). I have also secured agreements for major telecommunications providers to reject telephone calls that spoof invalid phone numbers. *Mey v. All Access Telecom, Inc., et al*, 5:19-cv-00237 (N.D. W.Va.) (ECF 309).

10. I also represent and advise business clients seeking to avoid litigation, and I represent non-profit organizations seeking to remedy a matter of public interest, whether through litigation or outside litigation.

11. My past work as a defense litigator and business owner (outside the legal industry) has enabled me to provide my clients with a wide variety of methods to avoid or remedy a legal violation. Through negotiations, rather than litigation, I have successfully (though confidentially) secured significant changes to business practices and obtained substantial monetary recoveries for my clients.

12. In 2020, my co-counsel and I began investigating Yale's policy of retaining full tuition and fees from students despite its move to remote education. We analyzed Yale's student handbooks, faculty handbooks, marketing materials as they appeared to students in the Fall semester of 2019, its initial decision to move to remote education, its decision to remain remote, how students were affected by Yale's decision to move online while retaining full payments, and what students expected when they first enrolled at Yale.

13. Over the course of our investigation, I spoke to Yale students about their post-pandemic experience with remote education at Yale, and their expectations when they first enrolled at Yale. On average, each conversation lasted about an hour. I also spoke to over twenty students from MIT or Stanford, and over 100 students from other universities who similarly canceled in-person education and moved to remote-only education, discussing both their post-pandemic experience with remote education and their expectations when they enrolled at the schools. Here too, on average, each conversation lasted about an hour.

14. I was the primary drafter of the factual allegations in the complaint and amended complaints in the present action. The investigation and complaint-drafting process required significant outlay of time, effort, and expense. I did not have the benefit of any prior media investigation, any prior regulatory investigation, or any previously filed legal complaint.

15. I conducted a thorough legal analysis regarding the applicability and viability of each substantive cause of action asserted and each required element of class certification.

16. On behalf of other students who paid (directly or indirectly) tuition and fees to Yale for in-person services and education not provided, we filed the present suit in the District of Connecticut on July 29, 2020.

17. Our suit was the first (and only) suit filed against Yale regarding its decision to keep full payment for tuition and fees though Yale canceled in-person instruction and provided only remote education after the COVID-19 pandemic.

18. In this action, I, my staff, the attorneys at Francis Mailman Soumilas, and the staff at Francis Mailman Soumilas have worked together, efficiently and diligently, to obtain and review discovery from Yale pursuant to pending discovery requests. Together, we have prepared for and taken at total of eight depositions of Yale's representatives, employees, and proposed experts. We have worked closely with Dr. Gareth Macartney and his staff in assessing how damages can be calculated on a class-wide basis. Together, we have reviewed over 94,000 pages of discovery from Yale, thousands of pages of studies and articles cited by Yale's proposed expert, Jonathan T. Tomlin, and provided and reviewed over 26,000 pages or documents of discovery from Plaintiff.

19. In the years preceding this action, I have worked as co-counsel with Francis Mailman Soumilas in other suits alleging false advertising. Through our long-term working relationship, we have demonstrated a history of providing excellent legal representation while avoiding duplicative efforts.

20. I also work with Francis Mailman Soumilas in several other suits against universities, which similarly allege the wrongful retention of full tuition and fee payments given the cancellation of in-person education. *Carstairs v. Rochester Univ.*, No. 6:20-cv-06690-CJS

(W.D. N.Y. filed Sept. 10, 2020); *Grant v. Chapman Univ.*, No. 30-2020-01146699-Cu-BC-CXC (Cal. Super. Ct. filed July 7, 2020); *In re Univ. S.D. Tuition Covid Refund Litig.*, No. 20-cv-1946-LAB-WVG (S.D. Cal. filed Apr. 28, 2021); *Jones v. Tulane Univ,* No 2:20-cv-02505 (D. La. filed Dec. 21, 2020); *Polley v. Northwestern Univ.*, No. 1:20-cv-04798 (HDL) (D. Ill filed Oct. 15, 2021); *Rodrigues v. Boston College*, No. 1:20-cv-11662-RWZ (D. Mass. filed Dec. 15, 2020); *Schmidhauser v. Tufts Univ.,* No. 1:20-cv-11940-RWZ (D. Mass filed May 03, 2021).

21. My co-counsel and I have committed all necessary resources required to zealously prosecute this action and adequately represent the class – including substantial time and significant financial investment, giving each stage of litigation the care and attention it requires.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of September, 2022 in Washington, D.C.

/s/ Yvette Golan

Yvette Golan
**THE GOLAN FIRM PLLC**
529 14th Street NW, Suite 914
Washington DC, 20045

6

DECLARATION OF YVETTE GOLAN