## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| JONATHAN MICHEL, on behalf of himself and all others similarly situated,<br><br>    *Plaintiff,*<br><br>  v.<br><br>YALE UNIVERSITY,<br><br>    *Defendant.* | Case No. 3:20-cv-01772-JCH<br><br>Oral Argument Requested |

## [PROPOSED] ORDER CERTIFYING CLASS

AND NOW, this _____ day of _____, 2022, upon consideration of Plaintiff's Motion to Certify Class ("Motion"), Defendant's response thereto, and Plaintiff's reply, and good cause appearing therefore, IT IS HEREBY ORDERED that the Motion is GRANTED. This action shall be maintained as a class action in accordance with FED. R. CIV. P. 23(a) and (b)(3).

The Court makes the following findings of fact:

1. Plaintiff has asserted claims against Defendant for unjust enrichment and promissory estoppel on behalf of the following Class:

> All undergraduate students enrolled at Yale College during the spring 2020 semester who paid Yale University either directly or indirectly any amount of money in tuition and fees for the spring 2020 semester.

2. The Class is so numerous that joinder of all members is impracticable.

3. There are questions of law and/or fact common to the Class. The principal questions include:

  a. whether Yale accepted money from Class members in exchange for the promise to provide in-person and on-campus educational services;

  b. whether Yale provided the services it promised;

c.      whether Class members are entitled to a refund or discount for that portion of the tuition and fees for which Yale did not provide the services it promised; and

d.      whether Yale is liable to Plaintiff and the Class for unjust enrichment and or promissory estoppel.

4.      The claim of representative Plaintiff Jonathan Michel is typical of the claims of the members of the Class. Namely, Defendant made representations concerning in-person education and access to its New Haven campus to Michel and Class members, accepted money from Michel and Class members for tuition and fees related to the spring 2020 semester; Defendant's conduct affected Michel and Class members in the same ways; and Defendant did not return any portion of the payment(s) it received from Michel or Class members.

5.      Plaintiff and his counsel will fairly and adequately represent the interests of the Class. Mr. Michel has no interests that appear antagonistic to the Class, and Plaintiff's counsel, Francis Mailman Soumilas, P.C., Yvette Golan, and Sarah Poriss have been shown to be experienced and competent in consumer class litigation.

6.      Common proof will predominate in this class action, including:

a.      Michel and Class members' enrollment at Yale College in the spring of 2020;

b.      Defendant's cancellation of the in-person classes and campus services it promised to Michel and Class members during that semester;

c.      Defendant's acceptance of payment(s) for tuition and fees from Michel and Class members for the spring 2020 semester;

d.      Defendant's refusal to refund tuition and fee payments to Michel and Class members for any portion of that semester; and

e.     The relative value of in-person education and online education.

7.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy in that:

a.     The prosecution of separate actions by individual Class members creates a risk of inconsistent or varying adjudications with respect to individual Class members;

b.     In view of the complexities of the issues and the expenses of litigation, the separate claims of individual Class members are not sufficient in amount to support separate actions; and

c.     The amount that individual Class members may recover is modest in relation to the expense and effort of proceeding with an individual lawsuit, thus making this class proceeding more economical.

It is therefore **FURTHER ORDERED**:

A.     Pursuant to FED. R. CIV. P. 23(b)(3), the Court hereby **CERTIFIES** the above-defined Class;

B.     Plaintiff Jonathan Michel is appointed to represent the Class;

C.     Francis Mailman Soumilas, P.C., Yvette Golan, and Sarah Poriss are certified as Class Counsel;

D.     Plaintiff shall submit a proposed form of class notification to the Court for review and approval within 30 days of this Order;

E.     Defendant shall produce a class list to Plaintiff's counsel within 14 days of this Order; and

F.     After an Order approving and directing notice to the Class, a further

Scheduling Order will issue.

By the Court:

_____